[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant William Cox pleaded guilty to three counts of failing to provide adequate support for three children born of his ex-wife Teresa Lynn Cox, in violation of R.C. 2919.21(B).[1] The indictment related to a 1983 divorce decree ordering Cox to pay $135 per week in child support. After accepting Cox's plea and finding him guilty of the charges, the trial court reviewed the pre-sentencing investigative report, victim impact statements, letters from Cox's siblings and potential employers, and a treatment report. The trial court then held a hearing at which Cox, his ex-wife, and their three children, now all emancipated, testified. Though this was Cox's first prison sentence, the trial court imposed the maximum sentence of twelve months of incarceration on each count of fifth-degree-felony nonsupport. Further, the court ordered the sentences to be served consecutively and ordered Cox to pay $10,047.92 in restitution.
In this appeal, Cox argues, in his sole assignment of error, that the trial court erred in imposing maximum and consecutive terms of imprisonment. After reviewing the record, we hold that the court made the requisite findings in imposing the maximum and consecutive sentences and that these findings are supported by the record in this case.
Before imposing a prison term for the fifth-degree felonies, the court made the requisite findings under R.C. 2929.13(B)(2)(b) that Cox was not amenable to community control and that prison is consistent with the sentencing purposes. In support of these findings, the court weighed the seriousness and recidivism factors of R.C. 2929.12(B) through (E). The court cited Cox's prior convictions for driving under the influence of alcohol and his denial of a long-standing alcohol abuse problem, his complete disregard for court orders and his family, and his lack of remorse. The court made these findings on the sentencing worksheet and orally at the sentencing hearing.
Cox argues that the court erred in not considering two possible mitigating factors noted by the probation department in the pre-sentence investigation report: 1) the "less serious" factor of the offender not expecting to cause physical harm to any persons, see R.C. 2929.12(C)(3); and 2) the "recidivism less likely factor" of the offender having led a law abiding life for a significant number of years. See R.C. 2929.12(E)(3). The court did not mark the boxes next to these factors on the sentencing worksheet.
The trial court's failure to mark a mitigating factor on the sentencing worksheet does not necessarily demonstrate that the trial court failed to consider the mitigating factor; it might instead indicate that the court chose not to give the mitigating factor the same weight as Cox argued it should have. See State v. Howard (Sept. 11, 1998), Hamilton App. No. C-971049, unreported. Additionally, a pre-sentence investigation report is only one of several sources of information reviewed by the trial court in determining a sentence. The court must also consider the rest of the record, including any information presented at the hearing and any victim-impact statements in determining a proper sentence. See R.C.2929.19(B)(1).
We find no error in the trial court's imposition of a prison term in lieu of community-control sanctions.
Additionally, we find no error in the court's imposition of the maximum sentence, even though Cox had not previously served a prison term. In accordance with R.C. 2929.14(B), the court specified, on the sentencing worksheet and orally at the hearing, its finding that the shortest term of imprisonment would demean the seriousness of the offense and would not adequately protect the public. This record confirms that the court first considered imposing the minimum sentence and then decided to depart from the statutorily mandated minimum based on both of the permitted reasons. See State v. Edmonson (1999), 86 Ohio St.3d 324, 326, 715 N.E.2d 1313.
Further, in imposing the maximum term of imprisonment, the court specifically found on the sentencing worksheet that Cox had committed the worst form of the offense and stated the basis orally at the sentencing hearing:
 [T]his is one of the most egregious cases I've seen come through the court. You've ignored court orders; not uttered one syllable of remorse when given an opportunity to do so, if only to get yourself out of trouble. You've not even mouthed those words suggesting any kind of remorse for your failure to be involved in any way in your children's lives. * * * The victim impact statements provided, together with the in-court statements, demonstrate a severe lack of regard for your family obligations, leaving your family in a destitute situation, both financially and emotionally.
 Cox dismisses the court's finding as unsupported by the record. He argues that he did not commit the worst form of the offense because he did make some payments and was supporting another child for whom he had custody at the time. He also challenges the court's finding that the overall arrearage in this case amounted to over $93,000. We disagree. We have held that "there can be several different `worst' forms of the offense so long as they involve conduct that is particularly repugnant, threatening, or otherwise deserving of punishment." State v. Brock
(Nov. 3, 2000), Hamilton App. No. C-000085, unreported. The court must consider the totality of the circumstances to determine whether a defendant has committed the worst form of the offense. See State v. Boshko (2000), 139 Ohio App.3d 827, 836- 837, 745 N.E.2d 1111, 1118-1119; State v. Garrard (1997), 124 Ohio App.3d 718, 722, 707 N.E.2d 546, 549-550.
The record in this case supports a finding of repugnancy. Cox sporadically paid child support, but when the amounts he did pay during the time-period for which he was charged were averaged out over a period of 104 weeks, he apparently had not paid support for over seventy-seven of the weeks, amounting to a deficiency of over $10,000. The testimony at the hearing indicates that the overall arrearage on the account was over $90,000. This amount was not challenged below, and, therefore, Cox cannot challenge it now. Cox did not pay any support in the six-month period prior to his incarceration in the Hamilton County Justice Center. He left his ex-wife and his two-year-old twin boys and their one-year-old sister in 1983, and he did not visit his children in over fifteen years, even when one was gravely ill.
Finally, in accordance with R.C. 2929.14(E)(3) and R.C. 2929.14(B)(4), the court ordered consecutive sentences. The court stated at the hearing, "Your harm was great with respect to these matters." It found that Cox had left his family "in a destitute situation, both financially and emotionally." This determination was based upon the victim-impact statements and in-court testimony of Teresa Cox and the three children Cox had failed to support. This finding of great harm was marked on the sentencing worksheet and is supported by the record in this case.
Upon the record before us, we cannot clearly and convincingly conclude that the record does not support the sentence or that the sentence was contrary to law. See State v. Beard (Sept. 5, 2000), Clermont App. No. CA 2000-02-012 (imposing three one-year consecutive terms of incarceration for failure to support.) The assignment of error is overruled and the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J, Hildebrandt and Shannon, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.
[1] As part of the plea agreement, three other counts charging non-support were dismissed.