OPINION
Defendant-appellant, Calvin Christopher Pruhs, appeals a decision of the Clermont County Court of Common Pleas sentencing him to four consecutive ten-year terms of imprisonment after he pled guilty to four counts of rape involving a child under the age of thirteen.
Appellant was indicted for twelve counts of rape of a child under thirteen in violation of R.C. 2907.02(A)(1)(b), three counts of gross sexual imposition in violation of R.C. 2907.05(A)(4), and three counts of disseminating matter harmful to juveniles in violation of R.C.2907.31(A)(1). The acts were alleged to have occurred during the time period of August 1998 through October 2000 and involved the eight-year-old daughter of appellant's girlfriend.
On January 26, 2001, appellant pled guilty to four counts of rape and the other charges were dismissed. Appellant appeared before the trial court on February 15, 2001 for sentencing and a sexual predator hearing. The trial court found that appellant was a sexual predator and sentenced him to serve a ten-year prison term for each of the four counts of rape with the terms to run consecutively.
Appellant appeals the trial court's decision on sentencing and raises the following single assignment of error:
 THE TRIAL COURT ERRED WHEN IT SENTENCED THE APPELLANT TO SERVE FOUR CONSECUTIVE MAXIMUM TERMS OF IMPRISONMENT.
An appellate court may not disturb a sentence imposed by a trial court unless it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law or statute. R.C.2953.08(G)(1). Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford
(1954), 161 Ohio St. 469, paragraph three of the syllabus. The sentence imposed upon the offender should be consistent with the overriding purposes of sentencing: "to protect the public from future crime by the offender" and "to punish the offender." R.C. 2929.11(A).
The applicable record to be examined by a reviewing court includes the following: (1) the presentence investigative report, (2) the trial court record in the case in which the sentence was imposed, and (3) any oral or written statements made to or by the court at the sentencing hearing at which the sentence was imposed. R.C. 2953.08(F)(1) through (3).
Appellant contends that the trial court erred in two aspects of its sentencing decision by imposing the maximum and by running the sentences consecutively. Interestingly, appellant does not contend that the trial court did not make the required findings on the record or in its judgment entry, but instead contends that the evidence does not support the findings made by the trial court. Because appellant's arguments involve whether the trial court had sufficient evidence to make its findings, we have carefully reviewed the evidence that the trial court used in making its determinations. The evidence reveals the following regarding appellant's offenses:
Appellant admitted that he engaged in sexual contact with his girlfriend's daughter. His confession occurred after his girlfriend began questioning the cause of strange behavior exhibited by her daughter. Appellant stated that the conduct took place over a period of approximately one and one-half years. According to appellant, the conduct began when the child sat on his knee one day and began "grinding her hips on his knee." He indicated that he would first rub her buttocks when she gave him hugs and that this conduct escalated to rubbing her vaginal area both over and under her clothing. Appellant admitted fondling the child's vagina with his fingers, penis and mouth, and stated that this happened so many times that he could not exactly say how many. Appellant admitted having the child perform fellatio approximately three or four times, and that he performed cunnilingus on her. He stated that she would not allow him to insert his penis or other objects inside her vagina.
Appellant also admitted that he had the child watch pornographic movies with him, and that while watching the movies he would rub her breasts and vaginal areas both over and under her clothing. Appellant also admitted having the child wear women's panties because he has a panty fetish. He said that he would fondle her vagina and buttocks and ejaculate on her. He stated that he regularly had the child masturbate him and rub his penis, and she would masturbate herself. Appellant admitted that there were times when they would lay on top of the bed and take their clothes off and he would have her sit on top of him and "ride him." Appellant stated that he thought he and the child were involved in a relationship and that he thought she enjoyed it.
Appellant first argues that the trial court erred in its decision to sentence him to the maximum term of ten years for each count of rape. A trial court may impose the maximum term upon an offender only if the trial court finds on the record that the offender "committed the worst forms of the offense," or that the offender "pose[s] the greatest likelihood of committing future crimes." R.C. 2929.14(C). The trial court must provide the reasons underlying its decision to impose a maximum sentence. R.C. 2929.19(B)(2)(d) and (e); State v. Beard (Sept. 5, 2000), Clermont App. No. CA2000-02-012, unreported.
At both the sentencing hearing and in its judgment entry, the trial court stated its finding that appellant committed the worst form of the offense. In considering whether an offender committed the worst form of the offense, the trial court is guided by the factors listed in R.C.2929.12(B). The court may also consider any other relevant factors.Id. The trial court is not required to compare the defendant's conduct to some hypothetical worst form of the offense. State v. Boshko (2000),139 Ohio App.3d 827, 836. Instead, the court must consider the totality of the circumstances surrounding the offense. Id.
As support for its determination that appellant committed the worst form of the offense, the trial court stated that the age of the child victim, the fact that she suffered serious harm and the fact that appellant's relationship with the victim facilitated the offense were factors it considered.
Appellant argues that the age of the victim cannot be used to make a finding that appellant committed the worst form of the offense because the age of the victim is an element of the crime and is already taken into consideration in the sentencing guidelines. Appellant argues that the same conduct with an older victim is a fourth degree felony, punishable by six to eighteen months imprisonment, but if the conduct involves a child victim, the offense is a first degree felony, punishable by three to ten years imprisonment.
Although appellant is correct in his argument that the age of the victim is taken into consideration in the definition and potential sentence of the offense, it does not preclude the trial court from considering the information as one of the factors in sentencing. The court did not err in considering the young age of the child and the disparity of appellant's age to that of the victim as one of several factors in determining that appellant committed the worst form of the offense.
Appellant next argues that the record does not contain clear and convincing evidence of either the harm caused to the child or appellant's relationship to the child. Appellant argues that specific evidence to support the trial court's findings on these factors was not mentioned at the hearing or in the trial court's judgment entry.
However, the presentence report, which is part of the sentencing record, contains abundant information to support the trial court's findings. The evidence before the court indicates that appellant had lived with the victim and her mother off and on for the past five years, and that the victim called appellant "dad." The evidence also indicates that the eight-year-old victim is now under the care of a psychiatrist and a therapist, and is involved in a victim's group. She suffers from nightmares and screaming spells during the day in which she is wide awake but begins screaming "stop touching me!" The victim also hears voices.
The record also contains evidence that the victim recently told her mother that appellant would smack her in the face, head, buttocks or back when she refused to perform fellatio on him, and that she was often afraid that he would hit her harder if she refused to do what he told her to do. The presentence report states that the victim refuses to allow anyone to help her change clothes except her mother, and that there are times when she tells her mother not to touch her. The report states that the victim exhibits a lack of trust in all adults the same age as appellant. This evidence is more than sufficient to support the trial court's finding that appellant's relationship with the victim facilitated the offense and that he caused serious harm to the child.
Appellant also argues that the court did not consider the fact that appellant voluntarily confessed to police that he had been sexually abusing the victim. The record of the sentencing hearing indicates that the trial court did consider the issue of appellant's voluntary confession, but did not find that it was a mitigating factor in determining the seriousness of the offense. We disagree with appellant's contention it is axiomatic that the seriousness of the offense is reduced when the offender takes responsibility for his actions. The serious nature of the offense was already established when appellant confessed. While this fact may be a consideration in determining recidivism, it does not negate the seriousness of the offense.
Appellant's second argument involves the trial court's decision that appellant's sentences should run consecutively. A trial court may impose consecutive terms of imprisonment if it makes three findings. R.C.2929.14(E)(4). First, the trial court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender. Id. Second, the consecutive terms must not be disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. Id. Finally, the trial court must also find that one of the additional factors listed in R.C.2929.14(E)(4)(a) through (c) applies:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
R.C. 2929.14(E)(4) does not require the trial court to recite the exact words of the statute in a talismanic ritual to impose consecutive sentences upon an offender. Boshko, 139 Ohio App.3d at 838; State v.Finch (1998), 131 Ohio App.3d 571, 574. However, the trial court is required to state sufficient supporting reasons for imposition of such sentences. R.C.2929.19(B)(2)(c); see State v. Edmonson (1999),86 Ohio St.3d 324, 326; State v. Simpson (Apr. 3, 2000). Clermont App. No. CA99-07-078, unreported.
Appellant first argues that there was insufficient evidence to support the trial court's finding that consecutive sentences are necessary to protect the public from future crime or to punish the offender. Appellant argues that his confession instigated the process that protects the public. However, the record contains ample evidence to support the trial court's finding that the harm caused by appellant was great and that consecutive sentences are necessary to protect the public. The record establishes that appellant repeatedly abused a young child who was in his protection and care over a period of time, and that the child will continue to suffer harm because of this conduct for a considerable amount of time. The record also shows that appellant was charged with gross sexual imposition as a juvenile for an incident in which he touched the vaginal area of a three-year-old girl. The presentence report also contains evidence that appellant had his two-year-old daughter watch while the abuse in this case occurred and that he may have been grooming her to be his next victim.
Appellant next argues that consecutive sentences were disproportionate to the seriousness of the crime and danger posed to the public. Appellant argues that his voluntary confession, lack of significant criminal history and lack of evidence that a single term of imprisonment would fail to rehabilitate him are evidence that consecutive sentences were disproportionate to the seriousness and danger.
As mentioned above, appellant committed these offenses over a long period of time and while he was in a position of trust. The nature of the sexual conduct escalated over time. His victim has suffered and will continue to suffer serious harm. This was not the first time appellant committed an offense of a sexual nature and there is concern that he was grooming his own daughter as his next victim. The trial court did not err in finding consecutive sentences were not disproportionate to the seriousness of the crime and the danger appellant posed to the public.
Finally, appellant argues that there was insufficient evidence to allow the court to find that the harm caused by multiple offenses was so great or unusual that no single prison term reflects the seriousness of the conduct. Again, there is more than sufficient evidence that appellant's escalating course of conduct continued for a considerable time span and caused serious harm to his victim that she will continue to suffer for some time into the future.
Contrary to appellant's various arguments raised in his assignment of error, the record contains abundant evidence to support the trial court's decision to impose maximum, consecutive sentences for each of the four counts of rape. Appellant's assignment of error is overruled.
Judgment affirmed.
WALSH and POWELL, JJ., concur.