The STATE of Ohio, Appellee,

v.

BOSHKO, Appellant.

[Cite as *State v. Boshko* (2000), 139 Ohio App.3d 827.]

Court of Appeals of Ohio,
Twelfth District, Clermont County.

No. CA99–12–117.

Decided Sept. 25, 2000.

828

830

*Donald W. White*, Clermont County Prosecuting Attorney, and *David H. Hoffmann*, Assistant Prosecuting Attorney, for appellee.

*Jeffrey D. Ferguson*, for appellant.

POWELL, Presiding Judge.

Defendant-appellant, Julius C. Boshko, appeals from his guilty plea, sentences, and adjudication as a sexual predator in the Clermont County Court of Common Pleas. For the reasons that follow, we affirm.

Appellant pled guilty to two counts of rape of a person less than thirteen years of age. The victim was appellant's stepdaughter. The trial court sentenced appellant to serve two consecutive terms of ten years in prison, which was the maximum possible sentence for the offenses. The trial court also adjudicated appellant to be a sexual predator pursuant to R.C. Chapter 2950.

Appellant, proceeding *pro se*, moved the trial court to allow him to withdraw his guilty pleas. The trial court denied appellant's motion. From this decision of the trial court, his sentences and adjudication as a sexual predator, appellant appeals and raises three assignments of error.

Assignment of Error No. 1:

"The trial court abused its discretion by failing to grant appellant's motion to withdraw his guilty pleas to counts six and seven of the indictment because of appellant's difficulty understanding pertinent points of the english language which created manifest injustice required by Ohio Criminal Rule 32.1 [*sic*]."

In his first assignment of error, appellant argues that the trial court abused its discretion and created "a manifest injustice" by failing to grant his motion to withdraw his guilty pleas. Appellant asserts that it is evident that his responses at the plea hearing demonstrate a "lack of comprehension and misinterpretation of the English language" that led the trial court to improperly conclude that he knowingly entered pleas of guilty to the charges.

Appellant's arguments in support of his assignment of error actually raise two distinct issues for review. First, appellant challenges the trial court's decision denying his motion to withdraw his pleas and his request to hold a hearing regarding the motion. Second, appellant challenges the validity of his plea hearing based on his review of the record. We will address each issue in turn.

A motion to withdraw a post-sentence guilty plea will only be granted to correct a manifest injustice. *State v. Blatnik* (1984), 17 Ohio App.3d 201, 17 OBR 391, 478 N.E.2d 1016; Crim.R. 32.1. The accused has the burden to show a manifest injustice warranting the withdrawal of a guilty plea. *State v. Smith* (1977), 49 Ohio St.2d 261, 3 O.O.3d 402, 361 N.E.2d 1324, paragraph one of the syllabus; *State v. Legree* (1988), 61 Ohio App.3d 568, 573 N.E.2d 687. A reviewing court will not disturb a trial court's decision whether to grant a motion to withdraw a plea absent an abuse of discretion. See *Smith*, at paragraph two of the syllabus. The term "abuse of discretion" requires more than an error of

law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *State v. Clark* (1994), 71 Ohio St.3d 466, 470, 644 N.E.2d 331, 334–335; *State v. Moreland* (1990), 50 Ohio St.3d 58, 61, 552 N.E.2d 894, 898–899.

"When a trial court reviews a motion to withdraw a guilty plea, it decides, based upon the allegations in [the] motion, whether to hold an evidentiary hearing on the motion." *State v. Nathan* (1995), 99 Ohio App.3d 722, 725, 651 N.E.2d 1044, 1046. Generally, a hearing is only "required if the facts alleged by the defendant and accepted as true would require the court to permit that plea to be withdrawn." *Id.*, citing *State v. Hamed* (1989), 63 Ohio App.3d 5, 7, 577 N.E.2d 1111, 1112.

Appellant's *pro se* motion and request for a hearing included no facts or evidentiary material alleging a manifest injustice. Since appellant failed to demonstrate a manifest injustice warranting the withdrawal of his guilty plea, we conclude that the trial court did not abuse its discretion by failing to conduct a hearing on the motion or by denying the motion.

Represented by counsel on appeal, appellant asserts that his responses at the plea hearing demonstrate a "lack of comprehension and misinterpretation of the English language," which led the trial court to improperly conclude that he knowingly entered pleas of guilty to the charges. Appellant appears to maintain that his plea was not knowing, intelligent, or voluntary because that trial court failed to provide for his "obvious" inability to understand the English language or "English legalese."

In a criminal case, a plea must be made "knowingly, intelligently, and voluntarily." *State v. Engle* (1996), 74 Ohio St.3d 525, 527, 660 N.E.2d 450, 451. "Failure on any of these points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *Id.* Where a criminal defendant does not speak English, constitutional guarantees of due process and equal protection require that the criminal defendant hears the proceedings in a language that he understands. See *State v. Pina* (1975), 49 Ohio App.2d 394, 400–401, 3 O.O.3d 457, 460–461, 361 N.E.2d 262, 266–267. A determination of whether a plea is knowing, intelligent and voluntary is based upon a review of the record. *State v. Spates* (1992), 64 Ohio St.3d 269, 272, 595 N.E.2d 351, 353–354.

To protect a criminal defendant's rights, Crim.R.11(C) provides the procedure a trial judge must follow when accepting a guilty plea. Specifically, Crim. R.11(C)(2) requires:

"(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

"(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

"(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

"(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."

■ Although strict compliance with Crim.R. 11 is preferred, a reviewing court will consider a plea to be knowing, intelligent and voluntary so long as the trial judge substantially complies with Crim.R. 11. *State v. Nero* (1990), 56 Ohio St.3d 106, 108, 564 N.E.2d 474, 476. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Id.*

■ A defendant who challenges his guilty plea on the basis that it was not knowing, intelligent or voluntary must show a prejudicial effect. *Id.; State v. Stewart* (1977), 51 Ohio St.2d 86, 93, 5 O.O.3d 52, 56, 364 N.E.2d 1163, 1167. "The test [for prejudice] is whether the plea would have otherwise been made." *Nero*, 56 Ohio St.3d at 108, 564 N.E.2d at 476.

Appellant gleans from the transcript several statements he made at the plea hearing which, taken out of context, appear to demonstrate that appellant is unable to comprehend the English language. However, a review of the entire lengthy plea hearing actually shows that appellant's position is absolutely untenable. The trial court, in a commendable manner, carefully and patiently questioned defendant repeatedly to make sure that he understood implications of his plea and the rights he was waiving. Appellant quite ably, and often verbosely, communicated with the trial court in cogent English, even though he stated that it was not his first language. Moreover, appellant discussed the pleas with his attorney and signed the plea agreement. At the conclusion of the plea hearing, the trial court permitted appellant and his attorney to have an additional discussion off the record to be certain appellant fully understood the implications

of his plea. After reviewing the entire record, we conclude that appellant's plea was knowing, voluntary and intelligent.

Appellant's first assignment of error is overruled.

Assignment of Error No. 2:

"The trial court erred by sentencing appellant to maximum sentences of ten years each to counts six and seven of the indictment which was contrary to law and not supported by the record."

In his second assignment of error, appellant challenges three aspects of his sentence: (1) the decision to impose more than the minimum prison term for each count, (2) the decision to impose the maximum prison term for each count, and (3) the decision to impose the prison terms consecutively. In each instance, appellant maintains that the trial court's decision is not supported by the record or is contrary to law. We will address each aspect in turn.

An appellate court may not disturb an imposed sentence unless it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law. R.C. 2953.08(G)(1). Clear and convincing evidence is that evidence "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford* (1954), 161 Ohio St. 469, 53 O.O. 361, 120 N.E.2d 118, paragraph three of the syllabus. The applicable record to be examined by a reviewing court includes the following: (1) the presentence investigative report, (2) the trial court record in the case in which the sentence was imposed, and (3) any oral or written statements made to or by the court at the sentencing hearing at which the sentenced was imposed. R.C. 2953.08(F)(1) through (3). The sentence imposed upon the offender should be consistent with the overriding purposes of felony sentencing: "to protect the public from future crime by the offender" and "to punish the offender." R.C. 2929.11(A).

*The Decision to Impose More than the Minimum Prison Term*

The trial court must impose the minimum term for an offender who, like appellant, has not previously served a prison term unless it finds on the record either that a minimum sentence would demean the seriousness of the offender's conduct or would not adequately protect the public from future crime by the offender or others. R.C. 2929.14(B). When a court imposes a prison term greater than the minimum, it does not need to specify its underlying reasons on the record. *State v. Edmonson* (1999), 86 Ohio St.3d 324, 715 N.E.2d 131, syllabus. Rather, it is sufficient that the record reflects that the court engaged in the statutory analysis and found either or both of the R.C. 2929.14(B) exceptions warranted a sentence greater than the minimum.

██ The trial court convicted appellant of rape in violation of R.C. 2907.02. Rape is classified as a felony of the first degree. The possible prison term for each count of a felony of the first degree is three, four, five, six, seven, eight, nine or ten years. R.C. 2929.14(A)(1). The trial court specifically found in its judgment entry sentencing appellant "that the shortest prison term will demean the seriousness of the [d]efendant's conduct and that the shortest prison term will not adequately protect the public from future crime by the [d]efendant or others." The trial court made the same findings on the record at the sentencing hearing and, although not required to do so, provided supporting reasons for its decision. Therefore, the trial court's decision to sentence appellant to a term greater than the minimum prison term is supported by the record and is not contrary to law.

## The Decision to Impose Maximum Prison Terms

A trial court may impose the maximum term of imprisonment upon an offender only if the trial court finds on the record that the offender "committed the worst forms of the offense" or that the offender "pose[s] the greatest likelihood of committing future crimes." R.C. 2929.14(C). A trial court must provide the reasons underlying its decision to impose a maximum sentence. R.C. 2929.19(B)(2)(d) and (e); *State v. Beard* (Sept. 5, 2000), Clermont App. No. CA2000–02–012, unreported, 2000 WL 1252032.

██ When considering whether a defendant committed the "worst form" of the offense, the trial court is not required to compare the defendant's conduct to some hypothetical, absolute worst form of the offense. See *State v. Simpson* (Apr. 3, 2000), Clermont App. No. CA99–07–078, unreported, 2000 WL 342135. There is no one worst form of an offense. *Id.; State v. Pickford* (Feb. 22, 1999), Jefferson App. No. 97–JE–21, unreported, 1999 WL 126931. The court must consider the totality of the circumstances to determine whether a defendant has committed the worst form of the offense. *State v. Garrard* (1997), 124 Ohio App.3d 718, 722, 707 N.E.2d 546, 548–549. When reviewing the seriousness of an offender's conduct, the trial court is guided by R.C. 2929.12(B), which lists factors for the trial court to consider. As relevant to this case, these factors include:

"(1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.

"(2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.

"* * *

"(6) The offender's relationship with the victim facilitated the offense." R.C. 2929.12(B). The trial court may also consider any other relevant factors. *Id.*

R.C. 2929.12(D) lists nonexclusive factors for the trial court to consider when determining whether a defendant poses the greatest likelihood of recidivism:

"(1) At the time of committing the offense, the offender was under release from confinement before trial or sentencing, under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or under post-release control pursuant to section 2967.28 or any other provision of the Revised Code for an earlier offense.

"(2) The offender previously was adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code, or the offender has a history of criminal convictions.

"(3) The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code, or the offender has not responded favorably to sanctions previously imposed for criminal convictions.

"(4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.

"(5) The offender shows no genuine remorse for the offense."

 The trial court expressly found that appellant committed the "worst form" of rape and also posed the greatest likelihood of recidivism. In support of its finding that appellant's crime is one of the worst forms of rape, the trial court stated: "[I]f you had to define the worst form of the offense, it is a rape offense committed by a family member against another family member, a family member against a child. I cannot think of anything that is worse than that." Appellant provides hypothetical examples of rapes that he believes are worse than his and argues that his examples "certainly" represent worse forms of rapes. However, the trial court does not have to imagine the most abhorrent form of rape to conclude that appellant has committed the worst form of the offense. Appellant repeatedly engaged in oral and vaginal sex with his stepdaughter, beginning when she was well under thirteen and continuing for several years. The trial court noted that appellant's relationship to the victim facilitated his crimes, but also made them all the more deplorable. The trial court, at length, also discussed the probable psychological effects of appellant's actions upon the victim due to her age and his relationship to her as a parent. Therefore, the record supports the trial court's finding that appellant committed one of the worst forms of rape.

 The trial court also found that appellant poses the greatest likelihood of recidivism. In support of its finding, the trial court discussed that appellant

showed no genuine remorse for his conduct and had actually attempted to minimize his responsibility for his crimes by blaming the victim. Therefore, the trial court's finding that appellant poses that greatest likelihood of recidivism is supported by the record.

The trial court's decision to sentence appellant to the maximum terms for his offenses is amply supported by the record and is not contrary to law.

*The Decision to Impose Consecutive Prison Terms*

Pursuant to R.C. 2929.14(E)(4), a trial court may impose consecutive terms of imprisonment if it makes three findings. First, the trial court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender. R.C. 2929.14(E)(4). Second, the consecutive terms must not be disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. *Id.* Finally, the trial court must also find that one of the additional factors listed in R.C. 2929.14(E)(4)(a) through (c) applies:

"(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

"(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.

"(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."

R.C. 2929.14(E)(4) does not require the trial court to recite the exact words of the statute in a talismanic ritual to impose consecutive sentences upon an offender. *State v. Finch* (1998), 131 Ohio App.3d 571, 574, 723 N.E.2d 147, 149–150; *State v. Mirmohamed* (1998), 131 Ohio App.3d 579, 584, 723 N.E.2d 152, 155–156. However, the trial court is required to state sufficient supporting reasons for imposition of such sentences. R.C. 2929.19(B)(2)(c); see *State v. Edmonson*, 86 Ohio St.3d 324, 326, 715 N.E.2d 131, 133–134; *State v. Simpson* (Apr. 3, 2000), Clermont App. No. CA99–07–078, unreported, 2000 WL 342135.

In its sentencing entry, the trial court specifically stated "that consecutive sentences are necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, the harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of

conduct adequately reflects the seriousness of the offender's conduct, and the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."

In addition, a review of the entire sentencing hearing demonstrates that the trial court carefully considered appellant's conduct and made ample findings supporting the imposition of consecutive sentences. The trial court's decision to impose consecutive sentences is supported by the record and is not contrary to law.

Appellant's second assignment of error is overruled.

Assignment of Error No. 3:

"The trial court erred by designating appellant a sexual predator."

In his third assignment of error, appellant challenges the trial court's determination that he is a sexual predator. Appellant maintains that the trial court did not consider all of the relevant statutory criteria in making its decision and, therefore, the trial court's decision is not supported by clear and convincing evidence.

Pursuant to R.C. 2950.09(C)(2)(b), a determination that an offender is a sexual predator must be supported by clear and convincing evidence. In making a determination as to whether a defendant is a sexual predator, R.C. 2950.09(B)(2) states that the trial court shall consider all relevant factors, including, but not limited to, all of the following:

"(a) The offender's age;

"(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;

"(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;

"(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;

"(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offenses or to prevent the victim from resisting;

"(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense, and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;

"(g) Any mental illness or mental disability of the offender;

"(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;

"(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;

"(j) Any additional behavioral characteristics that contribute to the offender's conduct."

Neither party to a sexual predator adjudicatory hearing is required to present new evidence or call and examine witnesses. All that is required is that the parties are given the opportunity to do so. R.C. 2950.09(B)(1). The Ohio Rules of Evidence do not strictly apply to sexual predator adjudication hearings. *State v. Cook* (1998), 83 Ohio St.3d 404, 425, 700 N.E.2d 570, 586–587. The trial judge may use reliable hearsay such as a presentence investigation report in making the sexual predator determination. *Id.* The trial court may also rely upon victim impact statements. See *id.* at 424, 700 N.E.2d at 586; *State v. Southerland* (Dec. 30, 1999), Butler App. No. CA99–01–013, unreported, 1999 WL 1279304; *State v. Parker* (Nov. 19, 1999), Columbiana App. No. 98–CO–76, unreported, 1999 WL 1050094.

After evidence is presented, the trial court is required to consider the factors enumerated in R.C. 2950.09(C)(2)(b) in making its determination. In reviewing these factors and any other relevant characteristics under R.C. 2950.09(B)(2)(j) the trial court may look into the defendant's past behavior. *State v. Naegele* (Jan. 12, 1998), Clermont App. No. CA97–04–043, unreported, at 5, 1998 WL 8684, *affirmed*, 84 Ohio St.3d 19, 701 N.E.2d 693. The trial court is not required to find that the evidence presented supports a majority of the factors listed in R.C. 2950.09(B)(2). *State v. Fugate* (Feb. 2, 1998), Butler App. No. CA97–03–065, unreported, at 7, 1998 WL 42232. In fact, the trial court may rely upon one factor more than another, depending upon the circumstances of the case. *State v. Bradley* (June 19, 1998), Montgomery App. Nos. 16662 and 16664, unreported, 1998 WL 321306. Furthermore, a single conviction may support a finding that a defendant is a sexual predator in certain cases. See *State v. Nicholas* (Apr. 6, 1998), Warren App. Nos. CA97–05–045, et al., unreported, 1998 WL 166436.

In this case, the trial court considered the evidence that weighed in favor of finding some of the statutory factors listed in R.C. 2950.09(B)(2). At the time appellant first engaged in sexual conduct with the victim, he was between the ages of twenty-five and twenty-six, while his victim was between eleven and twelve years old. See R.C. 2950.09(B)(2)(a) and (c). The victim was appellant's stepdaughter. See R.C. 2950.09(B)(2)(a) and (c). Appellant used pornographic

videos in order to desensitize his victim to sexual conduct. See R.C. 2950.09(B)(2)(h) and (j). Appellant engaged in a continuous pattern of sexual abuse with his stepdaughter that included oral and vaginal sexual contact, and appellant recorded some of the abuse on videotape. See *id.* In addition, the trial court considered as relevant its prior findings and the evidence supporting those findings that demonstrate appellant is likely to engage in sexual offenses in the future. See R.C. 2950.09(B)(2)(j).

After thoroughly reviewing the record, we find that there is clear and convincing evidence in the record to support the trial court's determination that appellant is a sexual predator. Appellant's third assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

WALSH and VALEN, JJ., concur.