OPINION
This matter is before the court on the issue of whether the trial court erred in failing to impose a minimum jail sentence upon a convicted felon who has not previously served a prison term.
Defendant-appellant, Harold Stookey, pleaded guilty to one count each of gross sexual imposition, a third-degree felony, and contributing to the delinquency of a minor, a first-degree misdemeanor. The trial court sentenced appellant to two years in prison on the gross sexual imposition charge and a concurrent six-month sentence on the misdemeanor charge.
Appellant's sole assignment of error claims:
 THE SENTENCE IMPOSED IN THIS CASE SHOULD BE REVERSED BECAUSE THE TRIAL COURT FAILED TO NOTE THAT IT ENGAGED IN ANY ANALYSIS BEFORE IT IMPOSED SOMETHING BEYOND THE MINIMUM POSSIBLE SENTENCE.
Appellant pleaded guilty to one count of gross sexual imposition in violation of R.C. 2907.05(A)(4), a third-degree felony. R.C. 2907.05(B). A third-degree felony is punishable by a term of one, two, three, four, or five years in prison. R.C. 2929.14(A)(3).
R.C. 2929.14(B) provides that: "If the court imposing a sentence upon an offender for a felony elects * * * to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense * * * unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
In the case at bar, the trial court elected to impose more than the minimum one-year sentence for a third-degree felony. Since appellant had never served a prior prison term, the record of the sentencing hearing must reflect that the court found that either or both of the reasons specified in R.C. 2929.14(B) warranted the longer sentence. State v.Edmonson (1999), 86 Ohio St.3d 324, 326.
The trial court must indicate that it engaged in the analysis required by R.C. 2929.14(B) to vary from the minimum sentence for at least one of the two statutorily sanctioned reasons. Id. See, also, State v. Boshko
(2000), 139 Ohio App.3d 827, 835. The trial court stated that it received and reviewed the presentence investigation report and that appellant had a clean record for a substantial period of time. The court did not, however, specify either of the reasons listed in R.C. 2929.14(B) as supporting its deviation from the minimum one-year sentence.
There is nothing in the record to indicate the trial court first considered imposing the minimum sentence and then decided to depart from the statutorily mandated minimum term based on one or both of the permitted reasons enunciated in R.C. 2929.14(B). Edmonson,86 Ohio St.3d at 328. Accordingly, the assignment of error is sustained. Appellant's sentence is vacated and this matter is hereby remanded to the trial court for resentencing.
Judgement reversed and remanded.
YOUNG, P.J., and POWELL, J., concur.