OPINION
Defendant-appellant, Robert Ellerhorst, appeals the decision of the Butler County Court of Common Pleas adjudicating him to be a sexual predator. We affirm the decision of the trial court.
Appellant pled guilty to two counts of gross sexual imposition. His victims were a seven-year-old boy and a nine-year-old boy. The trial court held a sexual predator hearing pursuant to R.C. 2950.09(B) and adjudicated appellant to be a sexual predator. Appellant appeals this decision of the trial court and raises one assignment of error for review.
 THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF-APPELLANT WHEN IT FOUND HIM TO BE A SEXUAL PREDATOR.
Appellant argues in his assignment of error that the trial court failed to consider all of the factors listed in R.C. 2950.09(B)(2). Specifically, appellant maintains that the trial court failed to consider his age, which is a factor listed under R.C. 2950.09(B)(2). Appellant argues that it is incumbent for a trial court to consider all of the statutory factors before making a determination that an offender is a sexual predator.
R.C. 2950.09(B)(2) provides that the trial court in making a determination as to whether an offender is a sexual predator "shall consider all relevant factors including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
The trial court must "consider" these factors before adjudicating an offender to be a sexual predator, which simply means that the trial court must reflect upon them or "think about them with a degree of care or caution". State v. Thompson (2001), 92 Ohio St.3d 584, 588 fn. 1. However, the trial court has the discretion to determine what weight, ifany, to assign the factors. Id. at paragraph one of the syllabus. The factors merely assist in providing consistency to the reasoning process because determining recidivism is at best an imperfect science. Id. at 587-88.
In reviewing the factors and any other relevant characteristics under R.C. 2950.09(B)(2)(j), the trial court may look into the defendant's past behavior. State v. Boshko (2000), 139 Ohio App.3d 827, 840. The trial court is not required to find that the evidence presented supports a majority of the factors listed in R.C. 2950.09(B)(2). Id. In fact, the trial court may rely upon one factor more than another, depending upon the circumstances of the case. Id. Furthermore, a single conviction may support a finding that a defendant is a sexual predator in certain cases. Id.
The record in this case reveals that the trial court was well aware of its duty to consider the R.C. 2950.09(B)(2) factors and all other relevant evidence to determine whether appellant was a sexual predator. The trial judge stated at the hearing: "I am fully cognizan[t] of the fact to a certain extent we're looking we're trying to look into a crystal ball to see if we can determine whether the defendant is likely to commit another sexual [sic] oriented offense in the future and that's the task that's been given to us by the legislature." In fact, the trial court considered appellant's age, but determined to give it little weight: "I don't know whether young offenders are more likely to commit [sexually oriented] offenses than old people[.] I just don't know the answer to that and that — that particular factor makes no sense to me whatsoever. He is what he is in terms of age." The trial court acted well within its discretion in considering the relevance of appellant's age.
The record further demonstrates that the trial court carefully reflected upon each of the R.C. 2950.09(B)(2) factors and the other evidence presented at the hearing prior to adjudicating appellant to be a sexual predator. Evidence at the hearing demonstrated that appellant has a lengthy history of criminal conduct. His victims were two young children: a seven-year-old boy and nine-year-old boy. Appellant admitted that the sexual contact happened more than once. A forensic report placed appellant in the high-risk category for committing future sexually oriented offenses. The trial court fulfilled its responsibilities under R.C. 2950.09, and the record contains clear and convincing evidence to support the trial court's determination that he is a sexual predator. Appellant's assignment of error is overruled.
Judgment affirmed.
VALEN, P.J., and WALSH, J., concur.