OPINION
Defendant-appellant, Michael Maloney, was charged with murder for the beating death of Leonard Rice.[1] After initially pleading not guilty, Maloney entered a guilty plea to the reduced charge of voluntary manslaughter, a first-degree felony. The trial court sentenced Maloney to a maximum term of ten years in prison and imposed a $20,000 fine.
In a timely appeal, Maloney presents a single assignment of error which claims the trial court erred by imposing the maximum sentence of ten years of incarceration.
A trial court may impose the maximum term of imprisonment upon an offender only if the court finds on the record that the offender "committed the worst form of the offense," or that the offender "pose[s] the greatest likelihood of committing future crimes." R.C. 2929.14(C). See, also, State v. Pruhs (Nov. 26, 2001), Clermont App. No. CA2001-03-037, unreported. The trial court must provide the reasons underlying its decision to impose a maximum sentence. R.C.2929.19(B)(2)(d) and (e); State v. Beard (Sept. 5, 2000), Clermont App. No. CA2000-02-012, unreported.
During the sentencing hearing and in its subsequent judgment entry, the trial court stated that Maloney committed the worst form of the offense. In considering whether an offender committed the worst form of the offense, the trial court is guided by the factors in R.C. 2929.12(B). The court may also consider other relevant factors. Id. The trial court is not required to compare the defendant's conduct to some hypothetical worse case form of the offense. State v. Boshko (2000),139 Ohio App.3d 827, 836. Instead, the court must consider the totality of the circumstances surrounding the offense. Id.
The trial court noted that the offense occurred as the result of an argument over a drug deal, and that Maloney used a baseball bat to brutally beat the victim. Although Maloney expressed genuine remorse for the incident, the court also took into consideration the impact on the victim's family evidenced by statements from the victim's two brothers.
In a similar vein, the trial court considered the factors of R.C.2929.12(D) in determining whether Maloney was likely to commit future crimes. Before committing this offense, Maloney had served a prior prison sentence. Although only twenty years old, Maloney had a criminal record covering half of his life, and he began committing violent offenses at the age of twelve. The court noted these factors and determined that Maloney also posed the greatest likelihood of recidivism.
We conclude that the trial court's determination that Maloney committed the worst form of the offense and posed the greatest likelihood of recidivism was supported by the record. The court's decision to impose the maximum sentence complied with the requirements of R.C. 2929.14(C). Accordingly, appellant's assignment of error is overruled.
Judgment affirmed.
WALSH, P.J., and POWELL, J., concur.
[1] Maloney was initially indicted for felonious assault. When Rice died thirteen days after the attack, the state upgraded the charge to murder.