OPINION
Defendant-appellant, Amy Johnson, appeals her sentences in the Butler County Court of Common Pleas, for theft of drugs and three counts of deception to obtain dangerous drugs. We affirm the decision of the trial court.
On March 2, 2001, appellant phoned Dr. Thomas Nymberg, informed him that her husband was suffering from a toothache, and requested that Dr. Nymberg phone in a prescription for a painkiller and an antibiotic. Dr. Nymberg did so and appellant picked up the prescriptions. When appellant's husband was interviewed three days later by a detective with the Warren County Drug Task Force, he stated that he was not suffering from any dental pain and had neither requested nor received the prescriptions.
On March 5, 2001, appellant went to the office of Dr. Bradley Monti, and posed as "Lori Johnson," her mother-in-law. She alleged to be suffering from dental pain, and Dr. Monti prescribed an antibiotic and a painkiller for her. Appellant filled the prescriptions at a Thriftway pharmacy. Later that day, appellant phoned Dr. Monti, told him that she had lost the prescriptions, and asked that he phone in the prescriptions to the Meijer pharmacy. Appellant went to the Meijer pharmacy and picked up the prescriptions. She was stopped by store security when she was observed concealing the medications in her purse and discarding the empty prescription containers. Security called the West Chester Police Department.
Appellant was charged with theft of drugs, a fourth-degree felony, and three counts of using deception to obtain drugs, fifth-degree felonies. At the time of the charges, appellant was under community control sanctions stemming from other drug-related offenses committed in Butler County. Based on her convictions, community control violation and revocation proceedings commenced. Appellant admitted to the probation violations and the trial court proceeded to sentence her.
Appellant pled guilty to all of the counts and was sentenced to serve seventeen months for the fourth-degree felony charge of theft of drugs. Consecutive to this, she was sentenced to concurrent, eleven-month prison terms on each of the three counts of using deception to obtain drugs, fifth-degree felonies. She appeals the sentences, raising three assignments of error.
Assignment of Error No. 1:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT BY FAILING TO SENTENCE HER TO THE MINIMUM PRISON TERMS FOR HER OFFENSES.
A trial court must impose the minimum prison term for an offender who, like appellant, has not previously served a prison term unless it finds on the record either that a minimum sentence would demean the seriousness of the offender's conduct or would not adequately protect the public from future crime by the offender or others. R.C. 2929.14(B). When a court imposes a prison term greater than the minimum, it does not need to specify its underlying reasons on the record. State v. Edmonson (1999),86 Ohio St.3d 324, syllabus. Rather, it is sufficient that the record reflects that the court engaged in the statutory analysis and found either or both of the R.C. 2929.14(B) exceptions warranted a sentence greater than the minimum.
The trial court specifically found in its judgment entry sentencing appellant that "the shortest prison term will demean the seriousness of the defendant's conduct; and the shortest prison term will not adequately protect the public from future crime by the defendant[.]" The trial court made the same findings on the record at the sentencing hearing and, although not required to do so, provided supporting reasons for its decision: appellant had a prior record of drug offenses, and had failed to respond favorably to community control sanctions in those cases. Additionally, appellant was convicted of similar charges in Hamilton and Warren Counties, and was under community control sanctions in all three counties for these offenses.
Accordingly, we find that the trial court's decision to sentence appellant to a term greater than the minimum prison term is supported by the record and is not contrary to law. The assignment of error is overruled.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT BY IMPOSING CONSECUTIVE TERMS OF IMPRISONMENT WHICH SENTENCE WAS CONTRARY TO LAW.
Pursuant to R.C. 2929.14(E)(4), a trial court may impose consecutive terms of imprisonment only if it makes three specific findings. First, the trial court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender. R.C.2929.14(E)(4). Second, the consecutive terms must not be disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. Id. Finally, the trial court must also find that one of the additional factors listed in R.C. 2929.14(E)(4) applies:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
R.C. 2929.14(E)(4) does not require the trial court to recite the exact words of the statute before imposing consecutive sentences upon an offender. State v. Finch (1998), 131 Ohio App.3d 571, 574; State v.Mirmohamed (1998), 131 Ohio App.3d 579, 584. However, the trial court is required to state sufficient supporting reasons for imposition of such sentences. R.C. 2929.19(B)(2)(c); see State v. Edmonson (1999),86 Ohio St.3d 324, 326; State v. Boshko (2000), 139 Ohio App.3d 827,838.
In the present case, the trial court first noted that consecutive sentences were necessary to protect the public from future crime and to punish appellant. The trial court also observed that consecutive sentences were not disproportionate to the seriousness of appellant's conduct and to the danger she posed to the public. Such findings satisfied the initial requirements of R.C. 2929.14(E)(4). The trial court then went on to state that appellant posed the greatest risk of recidivism based on her extensive criminal history. The trial court observed that appellant was in fact subject to community control sanctions as a result of drug related offenses she committed in two other counties. The trial court found that her criminal history "demonstrates that consecutive sentences are necessary to protect the public from future crimes by the defendant." This comment, made separate from and in addition to the previous findings, satisfies the specific requirement of R.C. 2929.14(E)(4)(c).
We therefore conclude that the trial court made the necessary statutory findings for the imposition of consecutive sentences. The second assignment of error is overruled.
Assignment of Error No. 3:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT BY SENTENCING HER TO CONSECUTIVE TERMS OF IMPRISONMENT FOR OFFENSES ARISING OUT OF A SINGLE INCIDENT WHICH CONSECUTIVE TERMS AMOUNTED TO MORE THAN THE MINIMUM PRISON TERM FOR THE OFFENSE OF THE HIGHEST DEGREE.
In her final assignment of error, appellant contends that the trial court was required to make maximum sentence findings pursuant to R.C.2929.19(B)(2)(e) because she was sentenced on multiple offenses which arose out of a single incident, and the aggregate sentence imposed for these offenses exceeds the maximum sentence for the offense of the highest degree.
R.C. 2929.19(B)(2)(e), and its counterpart, (B)(2)(d), together require that a trial court always provide reasons in support of the imposition of a maximum sentence. State v. Beard (Sept. 5, 2000), Clermont App. No. CA2000-02-012, unreported. R.C. 2929.19(B)(2)(d) applies any time a defendant is sentenced to the maximum term either on a single count or on multiple single offenses. R.C. 2929.19(B)(2)(e) requires that the trial court support its imposition of a maximum sentence with findings "[i]f the sentence is for two or more offenses arising out of a single incident and it imposes a prison term for those offenses that is the maximum prison term allowed for the offense of the highest degree."
Some courts have interpreted R.C. 2929.19(B)(2)(e) to require maximum sentence findings where a defendant is sentenced to less than maximum sentences on multiple counts, which, when aggregated, equal or exceed the maximum sentence permitted for the highest offense. See State v.Asbegua (Jan. 5, 2001), Greene App. No. 2000CA23, unreported; State v.Youngblood (May 17, 2001), Cuyahoga App. No. 77997, unreported. However, this court has not adopted such an interpretation. This court has found that "R.C. 2929.19(B)(2)(e) require[s] reasons be given when a single maximum prison term is imposed for multiple offenses, such as where the offenses merge, are allied offenses of similar import, or in other similar circumstances." State v. Beard (Sept. 5, 2000), Clermont App. No. CA2000-02-012, unreported, at 5. Because the statute concerns maximum sentences, it does not apply where maximum sentences are not imposed. See id.; State v. Tapp (Dec. 13, 2000), Delaware App. No. 00-CA-A-04-011, unreported.
In the present case, appellant was sentenced on separate, multiple offenses, which arose out of separate incidents. She was not sentenced to a maximum term on any one offense. Accordingly, R.C. 2929.19(B)(2)(e) has no application in the instant case. The assignment of error is overruled.
Judgment affirmed.
POWELL and VALEN, JJ., concur.