OPINION
Appellant, Aaron Sturbaum, appeals from the length of the sentence imposed on him by the Portage County Court of Common Pleas.
On March 9, 2000, the Portage County Grand Jury indicted appellant on one count of rape, in violation of R.C. 2907.02(A)(1)(c), a felony of the first degree, and one count of tampering with evidence, in violation of R.C. 2921.12(A)(1)(B), a felony of the third degree.
On July 13, 2000 appellant entered a guilty plea to the offense of rape and the court entered a nolle prosequi to the offense of jury tampering. The trial court found appellant guilty and referred the matter to the Adult Probation Department.
On August 17, 2000, appellant was sentenced to ten years imprisonment with credit for the one hundred sixty days he had already served. The trial court ordered that the parole board could increase the total prison term by up to fifty percent for certain violations of prison rules, pursuant to Ohio's bad time statute, R.C. 2967.11.
Appellant was granted a delayed appeal on June 21, 2001 and raises the following assignment of error:
 "[1.] The trial court erred by imposing a maximum sentence upon appellant."
In appellant's sole assignment of error, he argues that because he had never served a prison term, the trial court erred by not sentencing him to the minimum prison term for a felony of the first degree, pursuant to R.C. 2929.14(B). Appellant also asserts that the court failed to adequately set forth its reasons for not sentencing him to the minimum sentence, pursuant to R.C. 2929.19(B) and R.C. 2929.14(C). Appellee argues that the sentence complies with the statutory requirements.
In State v. Edmonson, 86 Ohio St.3d 324, 1999-Ohio-110, the Supreme Court of Ohio determined that a trial court sentencing an offender to his first imprisonment must specify on the record that one or both of the reasons enumerated in R.C. 2929.14(B) justify the imposition of a sentence greater than the statutory minimum. Id. at 327.
R.C. 2929.14(B) provides, in relevant part:
 "* * * if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense * * * unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
A review of the record in the instant case reveals that the trial court considered imposing the minimum sentence and then departed from the statutorily mandated minimum based on one or more of the permitted reasons set forth in R.C. 2929.14(B). Specifically, in the trial court's judgment entry, it noted that while appellant had never served a prison term, "to impose the minimum sentence would demean the seriousness of the offense and the totality of what happened to the victim. Nor would it adequately protect the public nor punish the offender." Thus, the trial court comported with the rule set forth in Edmonson, supra.
"Because appellant received the maximum sentence for the offense, he is entitled to de novo review of the sentence by this court. See 2953.08(A)(1)(a)." (Emphasis Sic.) State v. Whittenberger (Dec. 3, 1999), 11th Dist. No. 98-P-0047, 1999 Ohio App. LEXIS 5770, at *6. Hence, "[w]e must determine whether (1) the law provides for the sentence imposed, (2) the trial court complied with the purposes and principles of sentencing set forth in R.C. 2929.11 and 2929.12, and (3) the record supports the findings of the trial court in imposing the sentence." Id. An appellate court may not disturb a sentence unless it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law. R.C. 2953.08(G)(2)(a)(b).
Appellant was found guilty of rape, a felony of the first degree. R.C.2929.14 provides for the ten-year prison term imposed by the trial court.
Review of the judgment entry and sentencing transcript reveals that the trial court complied with the purposes and principles of sentencing, which are "to protect the public from future crime by the offender * * * and to punish the offender." R.C. 2929.11. Additionally, the court considered the seriousness and recidivism factors enumerated in R.C.2929.12. Further, the court stated that its decision to impose the maximum sentence was based on its finding that appellant had committed one of the worst forms of the offense. Therefore, we will uphold the trial court's sentence as long as the record supports its conclusion that appellant committed one of the worst forms of the offense and the court complied with the statutory requirements for imposing the maximum sentence.
In order to determine whether a trial court's sentencing decision meets the statutory requirements for imposing a maximum sentence, we must apply R.C. 2929.14(C) and 2929.19(B)(2)(d). See e.g., Edmonson, at 328.
R.C. 2929.14(C) provides, in relevant part that:
 "* * * the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense * * * only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders * * *, and upon certain repeat violent offenders * * *."
R.C. 2929.19(B), which mandates that a trial court must express its reasons for imposing a maximum sentence, provides in relevant part:
 "(2) The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
"* * *
 "d) If the sentence is for one offense and it imposes a prison term for the offense that is the maximum prison term allowed for that offense * * *, its reasons for imposing the maximum prison term; * * *"
 "In order to lawfully impose the maximum term for a single offense, the record must reflect that the trial court imposed the maximum sentence based on the offender satisfying one of the listed criteria in R.C. 2929.14(C). "Edmonson, at 329. When determining whether an offender committed one of the worst forms of the offense pursuant to R.C. 2929.14(C), the trial court must consider the general list of factors set forth in R.C. 2929.12(B). State v. Chapman (Mar. 17, 2000), 11th Dist. No. 98-P-0075, 2000 Ohio App. LEXIS 1074, at *28. The findings mandated by R.C. 2929.12 and R.C. 2929.14
must appear in the judgment, in the transcript of the sentencing hearing, or somewhere on the record of the sentencing exercise. See e.g., Id. at *29-30.
In the instant case, in determining whether appellant committed one of the worst forms of the offense, the court must consider whether the offender's occupation was used to facilitate the offense, R.C.2929.12(B)(5), and whether the offender's relationship with the victim facilitated the offense, R.C. 2929.12(B)(6).
Review of the sentencing hearing transcript reveals the following statement by the trial court:
 "Whether or not this is the worst form of this offense that's possible is very difficult for this Court to make a decision on. But considering the totality of what happened here and that special relationship where you put your mother in a nursing home, you expect her to be cared for, not raped. With that special relationship between the patient here and this [appellant], the Court would make a determination that this is the worst form of the offense."
In its judgment entry, the trial court stated that it balanced the factors under R.C. 2929.12 and determined that appellant had committed the worst form of the offense. In reaching this determination, the trial court considered the totality of what happened and found that appellant held a position of trust with the victim, which facilitated the offense. Thus, review of the hearing transcript and judgment entry reveals that the trial court complied with the mandates of R.C. 2929.14(C), R.C.2929.12(B), and R.C. 2929.19(B)(2)(d).
The record supports the trial court's finding that appellant had committed one of the worst forms of the offense. The victim was an eighty-year old woman suffering physical and mental impairments, including Parkinson's disease and dementia. The pre-sentence investigation report and the forensic psychiatric evaluation reveal that, on the day of the offense, appellant, employed by the Kensington Nursing Home as one of the victim's caretakers: showered and dressed the victim; became enraged after speaking with a nurse; and, as a result of his anger, returned to the victim's room, removed her pants, put a condom on, and sexually assaulted the eighty-year old woman entrusted to his care. The totality of the circumstances, including the position of trust that appellant held with the victim, supports the trial court's finding, by clear and convincing evidence, that the crime committed by appellant was the worst form of rape.
Appellant contends that the trial court erred in finding that this was the worst form of the offense, as he did not occupy the sort of "special relationship" normally associated with penalty enhancement, he was not violent with the victim, and did not transfer any venereal diseases to the victim.
"[T]he trial court does not have to imagine the most abhorrent form of rape to conclude that appellant has committed the worst form of the offense." See State v. Boshko (2000), 139 Ohio App.3d 827, 837. In the instant case, the victim was an approximately eighty-year old female who resided in the nursing home where appellant was employed as a caregiver. Appellant worked for a nursing home that was supposed to provide care, comfort, and security to the victim. This crime is one of the worst forms of the offense because it is totally contra to the obligation of the nursing home and all of its employees. Appellant's position as a caretaker facilitated the offense. Therefore, the record supports the trial court's finding that appellant committed one of the worst forms of rape.
Based on the foregoing, we conclude that the trial court complied with the statutory mandates of R.C. 2929.14(B), 2929.14(C), R.C. 2929.12(B), and 2929.19(B)(2)(d).
Although appellant does not assign it as error, the trial court's judgment entry includes "bad time" language. In State ex rel. Bray v.Russell, 89 Ohio St.3d 132, 2000-Ohio-116, syllabus, the Supreme Court of Ohio declared the "bad time" statute, R.C. 2967.11, was unconstitutional on the grounds that it violates the doctrine of separation of power.
For the above reasons, we affirm the judgment in all respects except as to the "bad time" language; that portion of the judgment is reversed and remanded for the trial court to enter a judgment that does not include any references to bad time.
DONALD R. FORD, P.J., DIANE V. GRENDELL, J., concur.