OPINION
{¶ 1} Appellant, Terry Wilson, appeals a judgment of the Lake County Court of Common Pleas sentencing him to an aggregate term of six years imprisonment to run consecutive to a prior sentence he was serving for a Cuyahoga County conviction. Appellant takes issue with the trial court's imposition of a consecutive term arguing that it erred by failing to follow the dictates of Ohio's felony sentencing laws.
 {¶ 2} On September 19, 2001, appellant was indicted on one count of conspiracy, a felony of the third degree, in violation of R.C.2923.01(A)(2); one count of burglary, a felony of the second degree, in violation of R.C. 2911.12(A)(2); one count of theft from an elderly person, a felony of the fifth degree, in violation of R.C. 2913.02(A)(3); and one count of impersonating a peace officer or private policeman, a felony of the third degree, in violation of R.C. 2921.52(E). On October 5, 2001, appellant waived his right to be present at his arraignment and the trial court entered pleas of not guilty on his behalf. On December 10, 2001, appellant pleaded guilty to burglary and theft from an elderly person. A nolle prosequi was entered on the remaining counts. On December 21, 2001, appellant was sentenced to six years on the burglary count and eleven months on the theft from an elderly person count. Said sentences were ordered to be served concurrently to one another but consecutively to a previously imposed sentence on a case out of Cuyahoga County.
 {¶ 3} Appellant filed this timely appeal and contends, in his sole assignment of error, that the trial court erred to his prejudice when it ordered consecutive sentences.
 {¶ 4} Pursuant to R.C. 2953.08, our review of a felony sentence is de novo. State v. Sims, 11th Dist. No. 2001-L-081, 2003 Ohio 324. As such, we will not disturb a defendant's sentence unless we find, "by clear and convincing evidence, that the record does not support the sentence or that the sentence is otherwise contrary to law." State v.Fitzpatrick (Dec. 2, 2000), 11th Dist. No. 99-L-164, 2000 Ohio App.LEXIS 5608, at 13. Clear and convincing evidence is that evidence which will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established. State v.Bradford (June 2, 2001), 11th Dist. No. 2000-L-103, 2001 Ohio App. LEXIS 2487, at 3.
 {¶ 5} Under Ohio's sentencing guidelines, a trial court may impose consecutive prison terms if it complies with R.C. 2929.14(E)(4). R.C.2929.14(E)(4) states:
 {¶ 6} "[T]he court may require the offender to serve the prison terms consecutively if the court finds that consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 7} "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929. 18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 8} "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 9} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 10} In essence, R.C. 2929.14(E)(4) involves a three pronged inquiry: First, the sentencing court must find that consecutive sentences are "necessary to protect the public" or to "punish the offender." Second, the court must find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger he poses. Finally, the court must find one of the three enumerated circumstances in R.C. 2929.14(E)(4)(a) through (c). State v.Littlefield, 4th Dist. No. 02CA19, 2003 Ohio 863.
 {¶ 11} Pursuant to R.C. 2929.14(E)(4), the foregoing three findings must be made before the court can impose consecutive sentences. The first two findings mandated by R.C. 2929.14(E)(4) reflect the overriding purposes of felony sentencing as found in R.C. 2929.11. The first finding, whether consecutive sentence are necessary to protect the public from future crime or to punish the offender, simply recapitulates the basic telos of felony sentencing as enunciated in R.C. 2929.11(A). The finding of "necessity" is disjunctive so a court may make its particular finding(s) in the alternative.
 {¶ 12} The second finding reflects R.C. 2929.11(B)'s directive that the sentence be commensurate with and not demeaning to the seriousness of the offender's conduct. Under the second finding, the court must address both the seriousness of the immediate conduct and danger the offender poses to the public. The proportionality inquiry is conjunctive and thus a lack of "disproportionality" must be found with respect to both seriousness and danger to the public. Griffen 
Katz, Ohio Felony Sentencing Law, 2001, 7.9.
 {¶ 13} Finally, the third step of the analysis requires a court to determine whether the criminal conduct in question falls within one of three categories listed under R.C. 2929.14(E)(4)(a) — (c).
 {¶ 14} R.C. 2929.14(E)(4) does not require the trial court to ritualistically recite the exact words of the statute before imposing consecutive sentences upon an offender. State v. Boshko (2000),139 Ohio App.3d 827, 838; State v. Finch (1998), 131 Ohio App.3d 571,574. However, pursuant to R.C. 2929.19(B)(2)(c), the trial court is required to state sufficient supporting reasons for imposing such sentences. State v. Torres, 11th Dist. No. 2001-L-122, 2003 Ohio 1878, at ¶ 18.
 {¶ 15} In the current case, the sentencing court specifically stated on record that "consecutive sentences are necessary to protect the public from future crime or punish the Defendant." It furthermore stated that "the harm caused by the Defendant was so great or unusual no single prison term for any of the offenses committed as a part of a single course of conduct adequately reflects the seriousness of Defendant's conduct." As such, the trial court explicitly considered the first and third prongs of R.C. 2929.14(E)(4). However, nowhere in the record is there evidence that the court made the requisite proportionality analysis mandated by the statute. As such, the trial court failed to make the all necessary findings set forth in R.C. 2929.14(E)(4) for imposing consecutive sentences on appellant.
 {¶ 16} Moreover, although the trial court stated that its findings were justified by "reasons stated on the record[,]" it fails to point to any specific "reasons" on which it relies. The record reflects that the court read the victim's impact statement aloud during the proceedings. The record also reflects the prosecution's factual basis and recommendation. Moreover, in rendering its decision the court stated: "Aggravating factors are the victim was old, suffer[ed] serious psychological and economic harm." However, at no point does the record indicate the relationship of these facts to the court's specific conclusions. Hence, the court's attempt to offer "sufficient supporting reasons" by broadly referencing the "reasons stated on the record[,]" does not satisfy R.C. 2929.19(B)(2)(c); fundamentally, without some scintilla of particularity, the reference is simply too broad.
 {¶ 17} With respect to this issue, appellant additionally argues that the court's consideration of the victim's age and her psychological and economic harm was inappropriate because these facts were inherent in the crimes of which appellant was convicted. We disagree. Even though the facts which the court characterized as "aggravating" are instances of specific elements of the crimes charged, this does not preclude their consideration. After all, it is only by way of comparing acts of similar criminal import that we can actually adjudge their "usual" or "unusual" character. As such, this aspect of appellant's argument is not well taken.
 {¶ 18} Appellant also points out that the court failed to entertain various facts that might serve to mitigate his sentence. Although the court did not specifically consider the features at which appellant directs our attention, the court did state, during the sentencing hearing, that it found no mitigating factors. Thus, there is evidence that the court considered the possibility of facts mitigating the sentence, but determined that no such factors were present.
 {¶ 19} Notwithstanding the preceding conclusion, however, the court still failed to fully comply with R.C. 2929.14(E)(4) and also failed to provide sufficient supporting reasons for imposing consecutive sentences. Consequently, there is clear and convincing evidence both that the sentence is unsupported by the record and contrary to law. Thus, appellant's sole assignment of error has merit. Therefore, we overrule the decision of the lower court imposing the six year sentence to run consecutive to the sentence appellant is currently serving for his Cuyahoga County conviction.
 {¶ 20} For the foregoing reasons, the sentence of the lower court is reversed and this matter is remanded to the Lake County Court of Common Pleas for proceedings consistent with this opinion.
DONALD R. FORD, P.J., WILLIAM M. O'NEILL, J., concur.