[Cite as *State v. Vinson*, 2013-Ohio-1844.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO.   CA2012-09-179 |
| | : | O P I N I O N |
| - vs - | | 5/6/2013 |
| | : | |
| GAYLON JAMIL VINSON, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2012-04-0581

Michael T. Gmoser, Butler County Prosecuting Attorney, Michael A. Oster, Jr., Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Billy W. Guinigundo, 5331 South Gilmore Road, Fairfield, Ohio 45014, for defendant-appellant

**PIPER, J.**

{¶ 1}   Defendant-appellant, Gaylon Vinson, appeals a decision of the Butler County Court of Common Pleas, sentencing him to ten years in prison after Vinson pled guilty to one count of rape.

{¶ 2}   In 1998, when he was 16 years old, Vinson pried open a basement window and entered the victim's home.  Vinson proceeded to the victim's bedroom where she lay asleep

with her two young children. Vinson held a knife to the victim's throat, put his hand over her mouth, and threatened to kill the victim and her children if she did not cooperate. Vinson then raped the victim while the victim's six-year-old daughter lay awake beside her. Vinson ejaculated on the victim and her bed, and then wiped away the semen with his shirt. Vinson then told the victim that if she reported the incident to police, he would return and harm her and her children. Notwithstanding Vinson's threats, the victim reported the rape, and police obtained a DNA sample. Police were unable to match the DNA sample, and the crime went unsolved until 2012.

{¶ 3} In 2012, Vinson was suspected of sexually assaulting a woman in Columbus. As part of the investigation, the Columbus Police Department obtained Vinson's DNA. The DNA sample was matched to the 1998 rape, and Vinson was charged with rape by way of a bill of information. Vinson pled guilty to one count of rape.

{¶ 4} The state and Vinson agreed that laws effective in 1998 would govern his case, and the matter proceeded to a sexual offender classification and sentencing hearing. Before the sentencing was complete, the trial court ordered a forensic psychological evaluation as well as a presentence investigation report. During the hearing, the trial court heard from two of Vinson's supporters, who offered statements in mitigation. The trial court also heard from the victim and the victim's daughter. The trial court then found that Vinson committed the worst form of the offense, and sentenced him to ten years in prison. Vinson now appeals his sentence, raising the following assignment of error.

{¶ 5} THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT WHEN IT FOUND HE HAD COMMITTED THE WORST FORM [sic] THE OFFENSE.

{¶ 6} Vinson argues the trial court erred when it found Vinson had committed the worst form of the offense because the trial court failed to give adequate consideration and weight to the fact that Vinson was 16 years old at the time he committed the offense.

- 2 -

{¶ 7}   In 1998, and at the time Vinson committed the rape, a trial court was permitted to impose up to a ten-year sentence for a felony conviction of the first degree. R.C. 2929.14. If the trial court imposed the maximum sentence, it was required to make a finding that the offender committed the worst from of the offense, or that the offender posed the greatest likelihood of committing future crimes, and support its reasoning for so finding. R.C. 2929.14(C).

{¶ 8}   "When considering whether a defendant committed the 'worst form' of the offense, the trial court is not required to compare the defendant's conduct to some hypothetical, absolute worst form of the offense" because there is "no one worst form of an offense." *State v. Boshko*, 139 Ohio App.3d 827, 836 (12th Dist.2000). Instead, "the court must consider the totality of the circumstances to determine whether a defendant has committed the worst form of the offense." *Id*. When reviewing the seriousness of the offender's conduct, the trial court was to be guided by R.C. 2929.12(B), which listed factors for the trial court to consider. Including any "relevant" factor as listed in R.C. 2929.12(B), the other R.C. 2929.12(B) factor applicable to this case is, "(2) the victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense."

{¶ 9}   The trial court considered the facts of the offense, the applicable factors as set forth in the statute, the presentence investigation report, the forensic psychological evaluation, the victim's statement, the statement of the victim's daughter, and well as the mitigation evidence submitted on behalf of Vinson before determining that Vinson committed the worst from of the offense.

{¶ 10}  The trial court first considered the facts of the case, including that Vinson broke into the victim's home, held a knife to her throat and covered her mouth, and threatened the victim's life and that of her children if she did not cooperate. The trial court considered the fact that as the victim's six-year-old daughter lay awake next to her mother, Vinson raped the

victim, and then threatened to harm the victim and her children if the victim reported the incident. The trial court also considered that Vinson tried to conceal his crime by using his shirt to wipe his semen away, and that Vinson exited the victim's house and was not apprehended until 2012.

{¶ 11} The trial court also considered the victim's own statement, as well as that of her daughter, which demonstrated that the victim suffered serious psychological harm as result of the rape. The statements from the victim and her daughter demonstrate the psychological toll the rape took on the victim, including "her [not] being able to trust easily, her [not] feeling safe at home," as well as robbing the victim of her "peace of mind." The victim reported that she lived for over a decade with the crime unsolved, fearing that her perpetrator would return to harm her or her children, or to rape her again.[1]

{¶ 12} The trial court also considered the fact that Vinson maintained throughout the forensic psychological evaluation and presentence investigation process that he had not raped the victim, and that instead, the victim was a friend of the family who had agreed to engage in consensual sex with him. Vinson even maintained that because he was a juvenile at the time of the sexual encounter, the victim should actually be the one "in trouble" for engaging in a sexual act with a minor. The trial court also considered the fact that Vinson expressed no remorse for his actions, instead stating that he did not remember the victim because she was nothing that he "really needed to remember."

{¶ 13} Vinson argues that the trial court's finding failed to take into consideration or failed to lend enough significance to the fact that he was 16 at the time of the offense. However, the record clearly indicates that the trial court considered Vinson's age and

---

1. The victim made reference to the fact that one week after the rape, someone tried to break into her home through the same window used by Vinson, and only abandoned the break-in upon realizing that she had several people staying with her in her home.

balanced it with the facts and circumstances of the case, as well as the statutory factors. During the sentencing hearing, the trial court stated

> As I sit up here and I listen to the information that's been presented * * * I do it being mindful that not every 16-year-old is the same. I understand that. I understand being a 16-year-old isn't the same as being a 30 year old. * * * So I have at least a sense, I think, a relevant sense of the general mind set, attitude, maturity level of kids that age. Being, of course, that every kid is different, and I understand that. And I do have to take into consideration that he was a juvenile * * *. The law recognizes that someone that age doesn't have the same mental development as an adult.

{¶ 14} The record indicates that the trial court clearly considered Vinson's age at the time of the offense, as well as the fact that Vinson was much younger when he raped the victim. The trial court also took into consideration that 16-year-olds do not have the same mental development as an adult, and weighed that factor against the circumstances of Vinson breaking into the victim's home, raping her in front of her children, and threatening to kill her and her children. The trial court weighed Vinson's age at the time of the offense against all the other circumstances of the crime and found that Vinson committed the worst from of the offense, and we find no error in that conclusion.

{¶ 15} After thoroughly reviewing the record, the trial court's finding that Vinson committed the worst form of the offense was not erroneous. Vinson's sole assignment of error is therefore overruled.

{¶ 16} Judgment affirmed.

HENDRICKSON, P.J., and RINGLAND, J., concur.