OPINION
Defendant-appellant, Thomas Sanders, appeals the decision of the Butler County Court of Common Pleas sentencing him to consecutive sentences for two counts of assaulting a police officer.[1] We affirm the trial court's decision.
On November 10, 2000, appellant arrived home and became upset upon learning that his wife had gambled and lost $10,000. He had found a large bag filled with lottery tickets from Argosy Casino. Waiting for his wife to return home, he became inebriated. Appellant confronted his wife and she admitted to losing all of the money. The couple argued late into the night. Appellant eventually passed out in the couple's bedroom from his drinking.
The next morning, appellant's wife feared that appellant may harm her and called 911 stating that, "[h]e threatened to kill me." Two police officers arrived and were invited into appellant's apartment by his wife. Appellant was asleep and the officers, at the behest of appellant's wife, woke appellant. Upon learning of appellant's outstanding warrant from another jurisdiction, the two officers attempted to arrest appellant.
Appellant became very belligerent and violent, breaking a glass coffee table by throwing it through one pane of the apartment's sliding glass doors. He then picked up a piece of the broken glass and attempted to brandish it at the police officers. One of the officers proceeded to kick the glass out of his hand and spray him with mace. Appellant ran into the kitchen pushing items off the counter towards the officers. Then he broke and threw dinner plates at each officer, causing both to suffer minor abrasions. Appellant continued to back himself through the kitchen and into the laundry room, where his wife had been hiding. He shut the door. The police officers broke down the door and witnessed appellant belligerently yelling at and hitting his wife. They pulled appellant away from his wife and arrested him.
Appellant was originally charged with one count of domestic violence, two counts of aggravated menacing, two counts of assaulting a police officer, and two counts of ethnic intimidation. The trial court merged the two counts of aggravated menacing into one count and the two counts of ethnic intimidation into one count. He was found guilty of all charges except ethnic intimidation. Appellant was sentenced to thirty days on the domestic violence charge and six months on the aggravated menacing charge, both sentences concurrent with seventeen months sentences on each count of assaulting a police officer. The two seventeen-month sentences were ordered to run consecutively. Appellant raises one assignment of error:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT SENTENCED HIM TO CONSECUTIVE SENTENCES.
An appellate court may modify a sentence only if it finds by clear and convincing evidence that the sentence is either not supported by the record or is contrary to law. R.C. 2953.08(G)(2). The term clear and convincing evidence means that "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus. The applicable record to be examined by a reviewing court includes the following: the presentence investigative report; the trial court record in the case in which the sentence was imposed; and, any oral or written statements made to or by the court at the sentencing hearing at which the sentence was imposed. R.C. 2953.08(F)(1) through (3).
Appellant first contends that the assaults against the police officers were committed with a single animus. Thus, appellant contends that the two counts of assault on a police officer should be merged into a single count.
R.C. 2941.25 provides in pertinent part:
 (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 (B) Where the defendant's conduct * * * results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.
In determining whether offenses are allied offenses of similar import, the court must first determine whether in the abstract "the statutory elements of the crimes correspond to such a degree that the commission of one crime will result in the commission of the other." State v. Rance
(1999), 85 Ohio St.3d 632, 638-639. If the above is found to be true, then the court must consider R.C. 2941.25(B) and determine whether the offenses were committed separately or with separate animus as to each.Id. at 639.
A separate animus exists for each offense where a defendant commits the same offense against different victims during the same course of conduct. State v. Gregory (1993), 90 Ohio App.3d 124, 128, citing toState v. Bonham (Apr. 6, 1992), Clermont App. No. CA91-08-058, unreported, at 5. In the present case, appellant committed the same offense against each police officer by throwing broken plates at each officer. The record clearly shows that each officer sustained injury from this assault. Accordingly, the offenses were committed with a separate animus as to each police officer, and we find appellant's contention to be without merit.
Appellant further contends that the trial court did not make all of the necessary statutory findings to impose consecutive sentences for the two counts of assaulting a police officer. Pursuant to R.C. 2929.14(E)(4), a trial court must make three findings to order consecutive sentences. First, it must find that the sentences are necessary to protect the public from future crime or to punish the offender. Id. Next, it must find that the consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. Id. Finally, the trial court must find one of the following additional factors: the offender committed multiple offenses while awaiting trial or sentencing; the harm was so great that no single prison term would adequately reflect the seriousness of the conduct; or, the offender's history of criminal conduct demonstrates the necessity of consecutive sentences to protect the public from future crime by the offender. R.C. 2929.14(E)(4)(a) through (c).
R.C. 2929.14(E)(4) does not require the trial court to recite the exact words of the statute to impose consecutive sentences upon an offender.State v. Finch (1998), 131 Ohio App.3d 571, 574, citing State v. Fincher
(Oct. 14, 1997), Franklin App. No. 97APA03-352, unreported; State v.Mirmohamed (1998), 131 Ohio App.3d 579, 584. However, the trial court must state sufficient supporting reasons for the imposition of consecutive sentences. R.C. 2929.19(B)(2)(c); State v. Boshko (2000),139 Ohio App.3d 827, 838.
Here the trial court specifically stated in its sentencing entry, "[c]onsecutive sentences are necessary to protect the public from future crime or to punish the defendant and not disproportionate to the seriousness of the defendant's conduct and the danger the defendant poses to the public. The defendant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the defendant. Therefore, the sentences are to be served consecutively."
Further, after reviewing the entire sentencing hearing it is apparent that the trial court considered appellant's conduct in court and made numerous findings to support consecutive sentences. Specifically, the trial court cited ten of appellant's past convictions and commented that appellant had just been released from jail in May and that this offense occurred the following November. Also, the court noted appellant's belligerent disposition throughout the entire sentencing hearing. We find that the trial court's decision to impose consecutive sentences is supported by the record and is not contrary to law. The assignment of error is overruled.
The judgment of the trial court is affirmed.
POWELL and VALEN, JJ., concur.
[1] Appellant made no appeal from the concurrent sentences meted out to him for convictions of the misdemeanor offenses of aggravated menacing and domestic violence.