OPINION
{¶ 1} In 1985, defendant-appellant, Larry Dean Cole, was indicted on two counts of rape in violation of R.C. 2907.02. Appellant agreed to plead guilty to two counts of attempted rape and received two consecutive prison terms of five to 15 years.
 {¶ 2} Following a 2001 hearing conducted pursuant to R.C.2950.09(C), the trial court classified appellant as a sexual predator. It is from this judgment that appellant appeals, claiming, as his sole assignment of error, that the trial court's finding was not supported by clear and convincing evidence.
 {¶ 3} In determining whether an offender is a sexual predator, the trial court must find, by clear and convincing evidence, that an individual has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses. State v. McCullough, Fayette App. No. CA2001-02-004, 2001-Ohio-8703. Clear and convincing evidence is that evidence "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Crossv. Ledford (1954), 161 Ohio St. 469, 477. See, also, State v. Eppinger,91 Ohio St.3d 158, 164, 2001-Ohio-247. While clear and convincing evidence is "more than a mere preponderance" of the evidence, it is less than that which constitutes evidence "beyond a reasonable doubt." Id. at 164, citing Cross, 161 Ohio St. at 477.
 {¶ 4} In determining whether an individual should be classified as a sexual predator, the trial court must examine the factors enumerated in R.C. 2950.09(B)(2), which include the following:
 {¶ 5} "(a) The offender's age;
 {¶ 6} "(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 7} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 {¶ 8} "(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 {¶ 9} "(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offenses or to prevent the victim from resisting;
 {¶ 10} "(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense, and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 {¶ 11} "(g) Any mental illness or mental disability of the offender;
 {¶ 12} "(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 13} "(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 {¶ 14} "(j) Any additional behavioral characteristics that contribute to the offender's conduct."
 {¶ 15} While the trial court must consider the applicable statutory factors, its analysis is not limited to statutory considerations, but includes all relevant factors. Id. The trial court is not required to find that the evidence supports a majority of the factors enumerated in R.C. 2950.09(B)(2) before concluding that an offender is a sexual predator. State v. Boshko (2000),139 Ohio App.3d 827, 840. In fact, the trial court may rely upon one factor more than another, depending upon the circumstances of the case, and a single conviction for a sexually oriented offense may support a finding that a defendant is a sexual predator. Id.
 {¶ 16} During the hearing, it was disclosed that appellant was 26 years of age at the time he committed the offenses against an eight-year-old victim. Appellant cruelly perpetrated his crime against the victim through the use of force and threats. Although appellant had no other convictions for sexually oriented offenses, his prior criminal record reflected a disposition toward violent crimes.
 {¶ 17} While incarcerated, appellant was placed in disciplinary control 11 different times and received "very poor" evaluations regarding his prison job performances. He once purposely smeared blood on a prison staff member and, on another occasion, was disciplined for engaging in sexual conduct with another inmate.
 {¶ 18} Finally, appellant refused to cooperate during a pre-hearing psychological evaluation ordered by the court. Appellant and his counsel agreed that it would not be in appellant's best interest to speak with the examiner and he refused to meet with the examiner as scheduled.
 {¶ 19} We find that, in fulfilling its responsibilities under R.C. 2950.09, the trial court had clear and convincing evidence upon which it could conclude that appellant had committed a sexually oriented offense and was likely to engage in the future in one or more sexually oriented offenses. See R.C. 2950.01(E). Finding no error in the trial court's decision, we hereby overrule appellant's sole assignment of error.
Judgment affirmed.
WALSH, P.J., and POWELL, J., concur.