OPINION VALEN, J.
{¶ 1} Defendant-appellant, David Russell Bedwell, appeals the nine-year sentence he received from the Clermont County Court of Common Pleas after he was convicted of the rape of a man with Down's syndrome.
{¶ 2} Appellant was charged with three counts of rape of a person whose ability to resist or consent is substantially impaired because of a mental or physical condition, based upon an incident that occurred in Clermont County at the victim's home on May 10, 2001.
{¶ 3} Appellant pled guilty to one count of rape and the remaining two counts were dismissed. The count to which appellant admitted guilt alleged that appellant placed an artificial phallus into the victim's rectum. Appellant was sentenced to nine years, out of a maximum possible sentence of ten years. R.C. 2929.14(A)(1). Appellant appeals the sentence, advancing the following assignment of error:
 {¶ 4} "A TRIAL COURT MAY NOT SENTENCE A DEFENDANT BASED UPON CONCLUSORY STATEMENTS UNSUPPORTED BY THE RECORD."
{¶ 5} Appellant argues that he should have been sentenced to the minimum allowable term of three years for a first-degree felony because he had not previously served a prison term. Appellant alleges that the trial court made the required findings for felony sentencing, but those findings consisted of conclusory statements unsupported by the record. We affirm the trial court's sentence for the reasons outlined below.
{¶ 6} An appellate court may not disturb an imposed sentence unless it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law. R.C. 2953.08(G)(1). Clear and convincing evidence is that evidence that will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established. Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
{¶ 7} The applicable record to be examined by a reviewing court includes the following: (1) the presentence investigative report, (2) the trial court record in the case in which the sentence was imposed, and (3) any oral or written statements made to or by the court at the sentencing hearing at which the sentenced was imposed. R.C. 2953.08(F)(1) through (3). The sentence imposed upon the offender should be consistent with the overriding purposes of felony sentencing: "to protect the public from future crime by the offender" and "to punish the offender." R.C.2929.11(A).
{¶ 8} The trial court must impose the minimum term for an offender who, like appellant, has not previously served a prison term unless it finds on the record either that a minimum sentence would demean the seriousness of the offender's conduct or would not adequately protect the public from future crime by the offender or others. R.C. 2929.14(B).State v. Boshko (2000), 139 Ohio App.3d 827, 835.
{¶ 9} R.C. 2929.14(B) does not require that the trial court give its reasons for its finding that the seriousness of the offender's conduct will be demeaned or that the public will not be adequately protected from future crimes before it can lawfully impose more than the minimum authorized sentence. State v. Edmonson (1999),86 Ohio St.3d 324, syllabus; Boshko.
{¶ 10} The trial court convicted appellant of rape in violation of R.C. 2907.02. Rape is classified as a felony of the first degree. The possible prison term for a felony of the first degree is three, four, five, six, seven, eight, nine or ten years. R.C. 2929.14(A)(1); Boshko
at 836. The trial court specifically found in its judgment entry sentencing appellant that the shortest prison term would demean the seriousness of the offense and would not adequately protect the public from future offenses by the defendant or others.
{¶ 11} The trial court made the same findings on the record at the sentencing hearing and, additionally, provided supporting reasons for its decision. The trial court found that appellant committed the worst form of the offense. The trial court found that the victim suffered psychological harm and would have limited coping mechanisms because of his limitations. The record showed that the victim was 29 years of age, but testimony was presented that his mental age was under the age of eight, and he was nonverbal. The trial court noted that appellant used his relationship as an acquaintance of the victim's mother to gain access to the victim in the victim's home.
{¶ 12} The trial court found that appellant had not shown genuine remorse because he had not taken full responsibility for his actions. Appellant provided a statement in his presentence investigation report in which he denied the actions to which he pleaded guilty. His probation officer noted that appellant later admitted to some of the conduct, but minimized his role. Appellant has a more than 20-year history of criminal or traffic offenses related to substance abuse. Appellant's probation officer reported that appellant had abused drugs recently.
{¶ 13} Appellant singles out specific statements made by the trial court at sentencing and argues that those statements had no factual basis. We have reviewed the record and outlined above some of the findings of the trial court. We find appellant's assertions without merit. The trial court's decision to sentence appellant to a term greater than the minimum prison term is supported by the record and is not contrary to law. Appellant's assignment of error is overruled.
{¶ 14} Judgment affirmed.
POWELL, P.J., and YOUNG, J., concur.