OPINION
{¶ 1} In December 1993, defendant-appellant, Scott W. Osborne, pleaded guilty to two counts of felonious sexual penetration involving an individual under the age of 13. In February 1994, appellant was sentenced to two concurrent prison terms of seven to 25 years.
{¶ 2} Following a 2001 hearing conducted pursuant to R.C.2950.09(C), the trial court classified appellant as a sexual predator. It is from this judgment that appellant appeals, claiming, as his sole assignment of error, that the trial court's judgment is contrary to the manifest weight of the evidence and based upon insufficient evidence.
{¶ 3} In determining whether an offender should be classified as a sexual predator under R.C. Chapter 2950, the trial court must find, by clear and convincing evidence, that an individual has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses. Statev. McCullough, Fayette App. No. CA2001-02-004, 2001-Ohio-8703.
{¶ 4} Clear and convincing evidence is that evidence "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954),161 Ohio St. 469, 477. See, also, State v. Eppinger, 91 Ohio St.3d 158,164, 2001-Ohio-247. While clear and convincing evidence is "more than a mere preponderance" of the evidence, it is less than that which constitutes evidence "beyond a reasonable doubt." Id. at 164, citingCross, 161 Ohio St. at 477.
{¶ 5} In determining whether an individual should be classified as a sexual predator, the trial court must consider all relevant factors, including the following enumerated in R.C. 2950.09(B)(2):
{¶ 6} "(a) The offender's age;
 {¶ 7} "(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 8} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 {¶ 9} "(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 {¶ 10} "(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offenses or to prevent the victim from resisting;
 {¶ 11} "(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense, and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 {¶ 12} "(g) Any mental illness or mental disability of the offender;
 {¶ 13} "(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 14} "(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 {¶ 15} "(j) Any additional behavioral characteristics that contribute to the offender's conduct."
{¶ 16} While the trial court must consider the applicable statutory factors, its analysis is not limited to statutory considerations, but includes all relevant factors. Id. The trial court is not required to find that the evidence supports a majority of the factors enumerated in R.C. 2950.09(B)(2) before concluding that an offender is a sexual predator. State v. Boshko (2000), 139 Ohio App.3d 827, 840. In fact, the trial court may rely upon one factor more than another, depending upon the circumstances of the case, and a single conviction for a sexually oriented offense may support a finding that a defendant is a sexual predator. Id.
{¶ 17} During the hearing, it was disclosed that appellant was 28 years of age at the time he committed the offenses against a six-year-old victim. The victim suffered severe physical and psychological harm from the offenses and, although appellant was only charged regarding two incidents, the victim claimed appellant engaged in this activity on five different occasions.
{¶ 18} Charles Handle, a psychologist who testified on behalf of the defense, was of the opinion that appellant had acted from impulse and was less likely to engage in similar conduct in the future. Handle admitted, however, that several "stressors," if present in appellant's life, could trigger appellant's impulsive behavior that led to the sexual assaults and cause him to repeat the conduct.
{¶ 19} Stressing appellant's age, the age of the victim at the time of the offense, and the nature of appellant's conduct and the existence of a pattern of abuse resulting in psychological and physical harm to the victim, the trial court concluded that appellant should be classified as a sexual predator.
{¶ 20} We find that the trial court, in fulfilling its responsibilites under R.C. 2950.09, had clear and convincing evidence upon which it could conclude that appellant had engaged in a sexually oriented offense and was likely to engage in the future in one or more sexually oriented offenses. See R.C. 2950.01(E). Finding no error in the trial court's decision, we hereby overrule appellant's sole assignment of error.
{¶ 21} Judgment affirmed.
WALSH, P.J., and POWELL, J., concur.