DECISION AND JUDGMENT ENTRY
{¶ 1} Defendant-Appellant Thomas J. Long, who pled guilty to unlawful sexual conduct with a minor, a fourth-degree felony in violation of R.C. 2907.04(A), appeals the sentence imposed upon him by the Hocking County Court of Common Pleas. Appellant asserts that the trial court erred by imposing the maximum sentence.
 {¶ 2} For the reasons that follow, we disagree with appellant and affirm the judgment of the trial court.
 Trial Court Proceedings {¶ 3} On August 20, 2001, Defendant-Appellant Thomas J. Long was indicted by the Hocking County Grand Jury on one count of unlawful sexual conduct with a minor, a fourth-degree felony in violation of R.C. 2907.04(A).
 {¶ 4} The facts leading to appellant's indictment were as follows. Appellant helped a fifteen-year-old girl sneak out of her home, after having been warned by her parents to stay away from her. Appellant then transported the young girl to Columbus, Ohio, where they stayed in a motel. While hiding at this motel, appellant provided marijuana to the girl and engaged in repeated sexual conduct with her. When appellant was arrested, the girl was not with him because he left her at the motel in Columbus. Appellant refused to tell the authorities, or the girl's parents, where she was located. At the time, appellant was twenty-four years old. The girl was separated from her parents for seven days.
 {¶ 5} Appellant initially pled not guilty to the charge found in the indictment. However, on November 6, 2001, appellant changed his plea to guilty.
 {¶ 6} On January 10, 2001, the trial court held a sentencing hearing. At the hearing, the trial court discussed the facts surrounding appellant's conduct and his criminal record. The trial court noted that in 1996, appellant was convicted of three counts of receiving stolen property and was sentenced to eighteen months in prison, which was suspended. However, appellant's probation was subsequently revoked and he served one year in prison. In 1997 and 1998, appellant was convicted of unauthorized use of a motor vehicle and grand theft, for which he was sentenced to one year imprisonment on each count to be served consecutively. Also, in 2001, appellant was convicted of obstructing official business and contributing to the delinquency of a minor. Finally, the trial court noted that during the current proceedings, appellant was arrested in Athens County for driving while under suspension and with an open container in the vehicle. A warrant in Athens County for appellant's arrest was active at the time of the sentencing hearing.
 {¶ 7} The trial court discussed the sentencing factors concerning recidivism and the seriousness of the offense and allowed both the victim's parents and appellant to make statements. Following the statements from the victim's parents, appellant made the following statement: "Your Honor, I know I made a bad judgment call, but it was something that I didn't particularly think about when I did it. Now that I have had time to think about it, I understand I made a rash decision about some things and I am sorry about that."
 {¶ 8} Finally, the trial court imposed the maximum sentence (eighteen months) upon appellant. In doing so, the trial court found that appellant was not amenable to community control and that a prison sentence was necessary. The trial court then found that the shortest prison term was not mandated because appellant had previously been imprisoned. Further, the trial court found that appellant had committed the worst form of the offense, reiterating the facts that appellant gave the victim drugs, took her to a motel, had sex with her repeatedly, and refused to disclose her whereabouts to authorities when he was apprehended. The trial court also found that based on his criminal history, appellant posed the greatest likelihood of committing future crimes.
 The Appeal {¶ 9} Appellant timely filed his notice of appeal and presents the following assignments of error for our review.
 {¶ 10} First Assignment of Error: "The trial court committed harmful error in imposing the maximum sentence under the `worst form of the offense' sentencing factor."
 {¶ 11} Second Assignment of Error: "The trial court committed harmful error in imposing the maximum sentence under the `greatest likelihood of recidivism' sentencing factor."
 {¶ 12} Appellant's arguments solely concern the propriety of the maximum sentence imposed by the trial court.
 I. Reviewing Sentences Imposed by a Trial Court {¶ 13} "An appellate court should not disturb [a] sentence unless it clearly and convincingly finds that either the record does not support the trial court's findings under R.C. 2929.13(B) [or] (D), R.C.2929.14(E)(4) or R.C. 2929.20(H), or that the sentence is contrary to law." State v. Johnson, Washington App. No. 01CA5, 2002-Ohio-2576, at ¶ 36, citing R.C. 2953.08(G)(2)(a) and (b). In other words, appellant must persuade this Court, by clear and convincing evidence, that the trial court erred when it imposed upon him the maximum sentence. SeeJohnson, supra, citing Griffin Katz, Ohio Felony Sentencing Law (2001 Ed.) 725, Section T 9.16.
 {¶ 14} "[C]lear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal." State v. Eppinger, 91 Ohio St.3d 158, 164, 2001-Ohio-247, 743 N.E.2d 881, quotingCross v. Ledford (1954), 161 Ohio St. 469, 477, 120 N.E.2d 118; State v. Schiebel (1990), 55 Ohio St.3d 71, 74, 564 N.E.2d 54.
 II. Maximum Sentences {¶ 15} Trial courts may not impose a maximum sentence unless the offender falls into one of four categories. See State v. Lovely, Scioto App. No. 00CA2721, 2001-Ohio-2440; State v. Holsinger (Nov. 20, 1998), Pike App. No. 97CA605; State v. Kauff (Nov. 9, 1998), Meigs App. No. 97CA13. Those categories include offenders who (1) commit the worst form of the offense; (2) pose the greatest likelihood of committing future crimes; (3) are certain major drug dealers; and (4) are certain repeat violent offenders. See R.C. 2929.14(C); see, also, State v. Borders
(Aug. 7, 2000), Scioto App. No. 00CA2696; State v. Riggs (Sept. 13, 1999), Washington App. No. 98CA39; State v. Goff (June 30, 1999), Washington App. No. 98CA30.
 {¶ 16} Furthermore, in order to impose a maximum prison sentence, the trial court must state its reasons on the record at the sentencing hearing. See R.C. 2929.19(B)(2)(d); see, also, State v. Wood, Scioto App. No. 01CA2779, 2002-Ohio-412; State v. Lenegar (Feb. 3, 1999), Vinton App. No. 98CA521; State v. Patterson (Sept. 21, 1998), Washington App. No. 97CA28.
 {¶ 17} In the case sub judice, the trial court found, on the record during the sentencing hearing, that two of the above-mentioned categories of offenders apply to appellant. First, the trial court found that appellant had committed the worst form of the offense. Second, the trial court found that appellant posed the greatest likelihood of committing future offenses. We will discuss each of these findings in turn.
 A. Worst Form of the Offense {¶ 18} This Court has previously recognized that the phrase "worst form of the offense" is a "somewhat amorphous standard and will depend on the facts and circumstances unique to each individual case." SeeJohnson, supra, at fn. 5. Additionally, more than one "worst form of the offense" exists for each criminal offense. See State v. Goff (June 30, 1999), Washington App. No. 98CA30; State v. Dunwoody (Aug. 5, 1998), Meigs App. No. 97CA11. "Further, the trial court is not required to compare appellant's conduct to some hypothetical absolute worst form of the offense in reaching its determination." Johnson, supra, at fn. 6, citing State v. Boshko (2000), 139 Ohio App.3d 827, 836, 745 N.E.2d 1111;State v. Maloney, Butler App. No. CA2001-01-014, 2002-Ohio-618; State v. Johns, Clermont App. No. CA2001-05-054, 2002-Ohio-289.
 {¶ 19} A review of the record reveals quite clearly that the trial court expressly found that appellant committed the worst form of the offense and set forth its reasons for doing so. The trial court stated in regards to appellant's offense, "I don't know how much worse it gets." It went on to note that appellant gave the victim illegal drugs, took her to a motel, repeatedly had sex with her, and then refused to disclose her whereabouts when he was arrested.
 {¶ 20} Appellant, however, asserts that the trial court erred by finding he committed the worst form of the offense because it "failed to note in its sentencing whether the [appellant] had any actual knowledge of the female's age at the time of the offense so as to constitute his being `reckless.'"
 {¶ 21} Appellant's assertion is baseless and as such lacks merit. Appellant has confused the requirements for imposing the maximum sentence, which the trial court clearly complied with, and the elements of the offense with which he was charged. R.C. 2907.04(A) states, "No person who is eighteen years of age or older shall engage in sexual conduct with another, who is not the spouse of the offender, when theoffender knows the other person is thirteen years of age or older butless than sixteen years of age, or the offender is reckless in thatregard." R.C. 2907.04(A).
 {¶ 22} Knowledge of the victim's age, or recklessness in that regard, is an element of the offense with which appellant was charged. Appellant pled guilty to that charge, and as such has admitted that either (1) he knew the victim was under the age of sixteen, or (2) should have known that the victim was under the age of sixteen and consciously disregarded the indications of her age. Therefore, the trial court was under no obligation to make a finding regarding appellant's state of mind at the time of the offense or his level of knowledge concerning the victim's age.
 {¶ 23} Accordingly, we find that the trial court did not err in finding that appellant committed the worst form of the offense. Thus, we overrule appellant's First Assignment of Error.
 B. Greatest Likelihood of Committing Future Crimes {¶ 24} The trial court's proper finding that appellant committed the worst form of the offense is, standing alone, sufficient to support the imposition of the maximum sentence. See Goff and Kauff, supra. Therefore, it is unnecessary of us to discuss the trial court's finding that appellant posed the greatest likelihood of committing future crimes. We overrule appellant's Second Assignment of Error.
 III. Conclusion {¶ 25} Since appellant's sentence is supported by the record and is not contrary to law, his assignments of error are overruled in toto and the judgment of the trial court is affirmed.
Judgment affirmed.
Abele, P.J., and Kline, J.: Concur in Judgment Only.