[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
{¶ 1} This appeal is taken from a final judgment of the Ashtabula County Court of Common Pleas. Appellant, Brandon Nelson, appeals from the trial court's decision to impose the maximum sentences upon him following his convictions for aggravated burglary, felonious assault, and theft.
 {¶ 2} In February 2001, appellant was indicted on: one count of aggravated burglary, in violation of R.C. 2911.11(A)(1), a felony of the first degree; one count of felonious assault, in violation of2903.11(A)(1), a felony of the second degree; and, one count of theft, in violation of R.C. 2913.02(A)(1), a felony of the fifth degree. At his arraignment, appellant pleaded not guilty.
 {¶ 3} The charges stemmed from an incident that occurred on November 30, 2000. That evening, appellant and three co-defendants broke into the home of Betty Renn, an elderly woman, with the intent of committing a theft. In the process of completing the theft, the four men were confronted by the victim. At the instruction of one of his co-defendants, appellant tackled the victim, rendered her unconscious, and caused her to suffer life threatening blood clots in her head. The victim was incapacitated for several months.
 {¶ 4} Eventually, appellant withdrew his not guilty plea and pleaded no contest to each of the three counts. The court accepted appellant's no contest pleas and found him guilty on each count.
 {¶ 5} During the subsequent sentencing hearing, the trial court ordered appellant to serve a definite term of incarceration of: ten years for the aggravated burglary conviction; eight years for the felonious assault conviction; and, one year for the theft conviction. The sentences were to be served concurrently. All three sentences represented the maximum terms allowed under the sentencing guidelines.
 {¶ 6} Appellant appealed arguing that the trial court erred by sentencing him to the maximum term permitted by law. Specifically, appellant argues that the trial court failed to make the statutorily mandated findings for imposing the maximum sentences and that he did not commit the worst form of the offense of aggravated burglary or felonious assault.
 {¶ 7} "Because appellant received the maximum sentence for [each]offense, he is entitled to de novo review of the sentence by this court. See 2953.08(A)(1)(a)." (Emphasis sic.) State v. Whittenberger (Dec. 3, 1999), at *6, 11th Dist. No. 98-P-0047, 1999 Ohio App. LEXIS 5770. Therefore, "[w]e must determine whether (1) the law provides for the sentence imposed, (2) the trial court complied with the purposes and principles of sentencing set forth in R.C. 2929.11 and R.C. 2929.12, and (3) the record supports the findings of the trial court in imposing the sentence." Id. at *7. A reviewing court will not disturb a sentence unless it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law. R.C. 2953.08(G)(2)(a) and (b).
 {¶ 8} At the outset, we note that because appellant has not previously served a prison term, the trial court was required to make findings in accordance with R.C. 2929.14(B) in order to impose anything other than the minimum sentence authorized by statute. The trial court complied with R.C. 2929.14(B) by finding that "a minimum sentence or nominal sentence would demean the seriousness of your conduct in this case." See State v. Edmonson (1999), 86 Ohio St.3d 324. In Edmonson, the Supreme Court of Ohio held that "R.C. 2929.14(B) does not require that the trial court give its reasons for its finding that the seriousness of the offender's conduct will be demeaned or that the public will not be adequately protected from future crimes before it can lawfully impose more than the minimum authorized sentence." (Emphasis in original.) Id.
at syllabus.
 {¶ 9} R.C. 2929.14(A) provides that the maximum term for a felony of the first degree is ten years, the maximum term for a felony of the second degree is eight years, and the maximum term for a felony of the fifth degree is twelve months. R.C 2929.14(A)(1), (A)(2), and (A)(5).
 {¶ 10} The trial court noted that it considered the purposes and principles of sentencing set forth in R.C. 2929.11 and the factors set forth in R.C. 2929.12. The transcript of the sentencing hearing reveals that the trial court complied with R.C. 2929.11 and 2929.12.
 {¶ 11} Next, we will examine whether the record supports the findings of the trial court in imposing the maximum sentences. The Supreme Court of Ohio addressed the statutory requirements for imposing the maximum sentence in Edmonson and held that when imposing the maximum sentence, the trial court must comply with both R.C. 2929.14(C) and R.C.2929.19(B).
 {¶ 12} "[I]n order to lawfully impose the maximum term * * * the record must reflect that the trial court imposed the maximum sentence based on the offender satisfying one of the listed criteria in R.C.2929.14(C)." Edmonson, at 329. In addition, R.C. 2929.19(B)(2) requires a trial court to "make a finding that gives its reasons for selecting thesentence imposed" and set forth its "reasons for imposing the maximumprison term." See Edmonson at 328; R.C. 2929.19(B)(2)(e).
 {¶ 13} Accordingly, this court has held that the findings mandated in R.C. 2929.14(C) must appear in the record, whether it be in the judgment entry, the transcript of the sentencing hearing, or somewhere on the record of the sentencing exercise. See e.g., State v. Chapman (Mar. 17, 2000), 11th Dist. No. 98-P-0075, 2000 Ohio App. LEXIS 1074, at 29, citing State v. Boles (June 25, 1999), 11th Dist. No. 98-A-0061, 1999 Ohio App. LEXIS 3035, at *10.
 {¶ 14} R.C. 2929.14(C) provides:
 {¶ 15} "* * * the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense * * * only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders * * * and upon certain repeat violent offenders * * *."
 {¶ 16} In the instant case, the record demonstrates that the trial court made the requisite R.C. 2929.14(C) findings during the sentencing hearing, when it found that appellant committed "one of the worst forms of the offense." In addition, the trial court found that "there's a likelihood that [appellant] will [commit serious offenses] in the future." After considering appellant's criminal history, which began when appellant was thirteen years old and included charges of assault, disorderly conduct, and trespassing, the trial court concluded that "[appellant] [is] not amenable to rehabilitation."
 {¶ 17} Having concluded that the court complied with R.C.2929.14(C), we must next review the record to determine whether the trial court comported with the requirements of R.C. 2929.19(B)(2) by setting forth, on the record, its reasons for imposing the maximum sentences. When determining whether the appellant committed one of the worst forms of aggravated burglary, felonious assault and theft, the court must consider the factors enumerated in R.C. 2929.12(B) and (C). In the instant case, the court was required to consider whether the victim suffered serious physical, psychological, or economic harm, R.C.2929.12(B)(2). Additionally, the court was required to consider the mitigating factors set forth in R.C. 2929.12(C).
 {¶ 18} At the sentencing hearing, the trial court set forth its reasons for imposing the maximum sentences. The trial court found that appellant committed one of the worst forms of the offense by forcibly breaking into the victim's residence, viciously attacking her, and causing serious physical harm and the risk of death. The court further stated that it was imposing the maximum sentences because "[p]ersons that live in this community should not have to live in fear in their own homes. Senior citizens should not have to go to bed at night afraid that they may be viciously attacked."
 {¶ 19} The trial court does not have to imagine the most abhorrent form of the offense to conclude that appellant has committed one of the worst forms of the offense. State v. Boshko (2000), 139 Ohio App.3d 827,837. Here, the victim was an elderly female, who was targeted because she was an older woman living by herself. When this elderly woman confronted appellant and his co-defendants as they burglarized her residence, appellant tackled her, rendered her unconscious, and caused her to suffer life-threatening injuries.
 {¶ 20} Appellant contends that he did not commit the worst form of the offense because he could not have been convicted of either aggravated burglary or felonious assault without performing the following acts, which were noted on the record by the trial court: "forcibly [violating] another one's residence and [attacking] the home owner and viciously [assaulting] that person in a manner that causes serious physical harm and, in this case, a risk of death * * *." Therefore, he argues, the fact that the victim sustained life-threatening injuries cannot form the basis of the court's determination that he committed the worst form of either of the offenses.
 {¶ 21} In the abstract, neither aggravated burglary nor felonious assault requires the infliction of serious physical harm. Aggravated burglary can be committed by inflicting, attempting or threatening toinflict bodily harm on another or by having a weapon on or about the offender. Therefore, aggravated burglary can be committed without inflicting any harm or by inflicting physical harm, rather than serious physical harm. The degree of physical harm inflicted upon the victim in this case clearly supports the trial court's conclusion that this is one of the worst forms of aggravated burglary.
 {¶ 22} Likewise, an offender can commit felonious assault byattempting to cause physical harm to another using a deadly weapon. In this case, appellant committed felonious assault by causing serious physical harm. However, because of the duration of the incapacitation suffered by the victim, the seriousness of her injuries, the ensuing psychological fear of being attacked, and the theft of her property, the record supports the trial court's conclusion that this is one of the worst forms of felonious assault.
 {¶ 23} In summation, applying the applicable mitigating factor enumerated in R.C. 2929.12(B)(2), we conclude that the record supports the trial court's finding. In this case, the victim was targeted because she was an elderly female who was living by herself. She was knocked unconscious, suffered blood clots in her head, and suffered six months of incapacity. Given the age and vulnerability of the approximately seventy-six-year old victim and the serious physical harm she suffered, we conclude that it was one of the worst forms of the offenses of aggravated burglary and felonious assault.
 {¶ 24} Briefly, we note that appellant contends that the trial court failed to consider the mitigating factor set forth R.C.2929.12(C)(4). Appellant argues that his alcohol addiction was a substantial ground to mitigate his conduct although it was insufficient to constitute a defense. However, the record reveals that the trial court considered appellant's "problem with alcohol" and determined that it was an aggravating factor, rather than a mitigating factor because when appellant drinks, he is "a danger to the community" and "there is a serious risk that he will commit serious offenses." Accordingly, we conclude that the trial court complied with R.C. 2929.12.
 {¶ 25} In light of the foregoing, we conclude that the trial court set forth its reasons for imposing the maximum sentences as required by R.C. 2929.19(B)(2)(d). Appellant's assignment of error is without merit. The judgment of the Ashtabula County Court of Common Pleas is affirmed.
WILLIAM M. O'NEILL, P.J., DONALD R. FORD, J., concur.