DECISION AND JUDGMENT ENTRY
{¶ 1} Defendant-Appellant Richard L. Anderson appeals the judgment of the Washington County Court of Common Pleas where appellant pled guilty to trafficking in drugs, a third-degree felony, in violation of R.C. 2925.03(A) and (C)(4)(d). The trial court sentenced appellant to the maximum term of imprisonment available for the offense, a definite term of five years imprisonment. Additionally, the court issued a five-year suspension of appellant's driving privileges, commencing on his release from prison, as well as post-release control.
 {¶ 2} Appellant argues that the trial court erred in imposing the maximum term of imprisonment on him. Specifically, appellant asserts that it was improper for the trial court to impose a sentence greater than the minimum for the following reasons: 1) appellant has not been sentenced to a term of imprisonment for any violations in the past, and 2) appellant did not commit the worst form of offense.
 {¶ 3} We find appellant's arguments to be without merit and affirm the judgment of the trial court.
 I. Proceedings Below {¶ 1} Our review of the record reveals the following facts pertinent to the instant appeal.
 {¶ 2} On October 24, 2001, shortly after 3:30 p.m., Defendant-Appellant Richard L. Anderson and Kurt Medley, who is not a party to this action, were arrested by the Washington County Sheriff's Office after each had participated in the sale of fifteen grams of cocaine to a confidential informant who had agreed to work with the Washington County Sheriff's Office. Appellant had supplied the cocaine to Medley for $700, and accompanied Medley to the sale with a loaded nine-millimeter pistol so that his cocaine would not be "ripped off."
 {¶ 3} The controlled sale took place at the Jackson Park Pool in Marietta, Ohio. This area is a public park, and during the sale, officers noted that several juveniles were playing basketball in the vicinity. Officers observed Kurt Medley sell the cocaine directly to the informant for $1,200.
 {¶ 4} On December 14, 2001, appellant was indicted by a Washington County Grand Jury on one count: trafficking in a Schedule II controlled substance (cocaine), in an amount that equals or exceeds ten grams but is less than one hundred grams (fifteen grams), a third-degree felony, in violation of R.C. 2925.03(A) and (C)(4)(d).
 {¶ 5} On December 19, 2001, at his arraignment in the Washington County Court of Common Pleas, appellant entered a plea of not guilty to the indicted offense.
 {¶ 6} Subsequently, on February 14, 2002, pursuant to a plea agreement with the State of Ohio, appellant entered a guilty plea to this charge. In return for appellant's guilty plea, the state agreed that no other charges arising out of this incident would be prosecuted, including that the state would not charge appellant with carrying a concealed weapon. In exchange, appellant entered a plea of guilty to the drug trafficking charge and forfeited to the state the weapon that was confiscated, a nine-millimeter handgun.
 {¶ 7} On March 27, 2002, the trial court held a sentencing hearing. The record establishes that during the sentencing hearing, the court permitted appellant to make a statement and submit mitigating evidence. Appellant stated that, "I am guilty of what I done. I'm sorry for what I done, and I'm ready to receive punishment for it." Appellant's attorney also spoke, requesting the trial court to impose community control sanctions on appellant rather than imprisonment. The court then considered the purposes behind felony sentencing under R.C. 2929.11 as well as the statutory guidelines found in R.C. 2929.12.
 {¶ 8} During its consideration, the court found that appellant admitted to selling cocaine in the Marietta area on more than one occasion. Furthermore, the court made note of the fact that appellant sold cocaine as part of an organized criminal activity. In fact, appellant had sold cocaine to his acquaintance, Medley, "20 to 30 times." Also, the court found that the controlled sale in which appellant participated took place in the vicinity of juveniles, and that appellant possessed a loaded nine-millimeter handgun under the seat of the car in which he was a passenger. Therefore, the trial court found that appellant committed the worst form of this offense, and thus, sentenced appellant to five years imprisonment, the maximum term of imprisonment for this offense. The court further issued a five-year suspension of appellant's driving privileges, commencing on his release from prison, as well as post-release control.
 II. The Appeal {¶ 9} Appellant timely filed this appeal, raising a single assignment of error for our review.
 {¶ 10} Assignment of Error: "The trial court erred, as a matter of law, when it sentenced Richard Anderson to a maximum term of imprisonment."
 {¶ 11} Appellant's sole assignment of error raises two challenges to the sentence imposed by the lower court. First, he argues that it was error to impose the maximum prison term because appellant had not previously served a prison term. Second, appellant argues that the maximum term was improper because appellant had not committed the worst form of the offense. We will address these arguments seriatim.
 A.Standard of Review {¶ 12} R.C. 2953.08(A)(4) provides that a defendant who is convicted of a felony may pursue an appeal that the sentence is contrary to law. See State v. Hood, Washington App. No. 00CA51, 2001-Ohio-2620. Therefore, the appellate court will not disturb a sentence unless it finds clearly and convincingly that the sentence is not supported by the record, the sentence erroneously includes or excludes a prison term, or the sentence is contrary to law. See R.C. 2953.08(G)(1)(a)-(d). See, also, State v. Bates, 12th Dist. No. CA2001-10-018, 2002-Ohio-5512, at ¶ 28. Applying this standard, we do not supplant the lower court's judgment with our own. Rather, we examine the record to determine whether the sentencing court: (1) considered the statutory factors; (2) made the required findings; (3) relied on substantial evidence in the record to support its findings; and (4) properly applied the statutory guidelines. See State v. Dunwoody (Aug. 5, 1998), Meigs App. No. 97CA11.
 {¶ 13} Felony sentences must comply with the overriding purposes of sentencing as outlined in R.C. 2929.11. See State v. Hood, supra. That section, in relevant part, states that "[t]he overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.11(A). Therefore, it is within the trial court's discretion to ascertain the most effective way to achieve these purposes and comply with the principles and guidelines set forth in R.C. 2929.12(A). However, in exercising this discretion, the trial court must consider the factors in R.C. 2929.12(B) and (C) relating the seriousness of the offender's conduct, as well as those in R.C. 2929.12(D) and (E) relating to the likelihood of the offender's recidivism.
 {¶ 14} It is preferable, but not mandatory, that the trial court include in the entry its findings regarding the seriousness and recidivism factors, as well as the facts that support those findings. SeeState v. Hood, supra. However, while the trial court must outline the reasons for its findings, "they need not be specified in the sentencing entry as long as they are discernable from the record as a whole." Id.
 B. Imposition of the Maximum Sentence {¶ 15} R.C. 2929.14 sets out the guidelines and criteria to aid trial judges in determining the appropriate length of a prison term for a felony offender. Specifically, R.C. 2929.14(A)(3) provides that, "[f]or a felony of the third degree, the prison term shall be one, two, three, four, or five years." (Emphasis added.) R.C. 2929.14(A)(3). The trial court in the case sub judice imposed the maximum prison term allowable under this section on appellant, namely five years.
 {¶ 16} Appellant's first argument is that the trial court's imposition of the maximum sentence upon appellant was improper because appellant has not previously served a prison sentence. This argument is misplaced, as it relies on R.C. 2929.14(B).[1] That section does not apply in this case because the court imposed the maximum sentence pursuant to R.C. 2929.14(C).
 {¶ 17} Appellant's second argument is that he did not commit the worst form of the offense. We disagree.
 {¶ 18} Initially, we recognize the strong public policy disfavoring maximum sentences except for the most deserving offenders. See State v. Edmonson (1999), 86 Ohio St.3d 324, 328, 715 N.E.2d 131. R.C. 2929.14(C) establishes that "the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose thegreatest likelihood of committing future crimes, upon certain major drug offenders * * * and upon certain repeat violent offenders * * *." R.C.2929.14(C). (Emphasis added.) Therefore, the court may impose the maximum penalty when it categorically finds that the offender fits one of the four categories outlined in the statute. The trial court, in the case sub judice, found appellant to have committed the worst form of the offense of drug trafficking.
 {¶ 19} A court that imposes the maximum penalty must provide the reasons underlying its decision. See R.C. 2929.19(B)(2)(d) and (e); Statev. Bates, supra, at ¶ 31. In concluding that the offender committed the worst form of the offense, the trial court is guided by the factors listed in R.C. 2929.12(B) and (C). When determining whether the offender is more likely to commit future crimes, the court is guided by the factors at R.C. 2929.12(D) and (E). Therefore, we will uphold a maximum sentence if the court's stated findings are supported by the record. SeeState v. Hood, supra.
 {¶ 20} The sentencing hearing transcript evidences the trial court's consideration of the purposes behind felony sentencing at R.C.2929.11, and the seriousness and recidivism factors at R.C. 2929.12. The court documented that it "considered the record, the oral statements made in open Court this date, the victim impact statement, and the pre-sentence investigation report and the principles and purposes of sentencing set forth in 2929.11, and the seriousness and the recidivism factors set forth in 2929.12."
 {¶ 21} Now we consider whether the trial court complied with the dictates of maximum sentencing under R.C. 2929.14(C). The sentencing hearing transcript clearly establishes the lower court's impression that appellant committed the worst form of the offense of drug trafficking. Specifically, the court explained that "it doesn't get much worse than this. It really doesn't. They — they chose to sell drugs at the — Jackson Park pool area. There were young people within a — I think, well, according to the PSI, with less than a hundred feet, playing basketball. Mr. Anderson had a loaded firearm on his lap." Later in the hearing, the court reiterated that "[t]his court is of the opinion that [appellant] has committed the worst form of this offense and therefore, sentences him to the maximum of five years * * *."
 {¶ 22} The trial court further found that appellant had been in the area for several months, transacting the sale of cocaine as part of an organized criminal activity. See R.C. 2929.12(B)(7). The sentencing hearing transcript also reflects that the trial court was concerned with protecting the public from drug traffickers, stating "this town and this area does not need full-time, regular drug traffickers. * * *
And do we really want a town where people are dependent on people like these, because they are addictive substances?"
 {¶ 23} Furthermore, the trial court alluded to several facts supporting the conclusion that appellant was more likely to commit future crimes. The court found that appellant was a "full time drug trafficker." The trial court also stated that "[appellant can't] come into this town and bring drugs in on a regular basis. [Appellant's] a drug trafficker." Although these words do not mirror the language contained in the statute, recitation of the exact statutory language "in a talismanic ritual" is not required. State v. Ruby, 2nd Dist. Nos. 02CA6, 02CA22, 2002-Ohio-5381. The court also noted the fact that appellant has a prior criminal record consisting of charges for resisting arrest and possession of marijuana. All of these facts, considered in toto, indicate to us that the trial court considered the recidivism factors and found that appellant was likely to commit future crimes.
 {¶ 24} Therefore, considering all the facts of the case, as well as the seriousness and recidivism factors and the purpose behind felony sentencing, the trial court found that appellant had committed the worst form of the offense of drug trafficking. As a result, the court imposed the maximum penalty allowed for a third-degree felony.
 {¶ 25} Appellant, however, argues the following in an attempt to negate the court's reasons for finding that he committed the worst form of the offense: 1) drug traffickers are implicitly part of organized criminal activity; 2) the possession of a loaded firearm is ordinary and expected during drug transactions; and 3) most drug transactions take place in public areas. Therefore, he argues, the type of offense committed by appellant is of the nature contemplated by the statute. We find these arguments to be without merit.
 {¶ 26} The trial court is not required to compare appellant's conduct to some outrageously hypothetical worst case scenario drug trafficking offense. See State v. Boshko (2000), 139 Ohio App.3d 827,836, 745 N.E.2d 1111. The court is to consider the totality of the circumstances surrounding the offense. See State v. Bates, supra, at ¶ 34. Our review of the record reveals support for all of the trial court's findings establishing that appellant committed the worst form of offense.
 {¶ 27} By finding that appellant committed the worst form of the offense of drug trafficking, and providing sufficient reasons in support of that conclusion, the trial court appropriately complied with R.C.2929.14. Therefore, appellant's assignment of error is overrule.
 III. Conclusion {¶ 28} Accordingly, appellant's Assignment of Error is overruled. The judgment of the Washington County Court of Common Pleas is affirmed.
Judgment affirmed.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that appellee recover of appellant costs herein taxed.
This Court finds that there were reasonable grounds for this appeal.
It is further ordered that a special mandate issue out of this Court directing the WASHINGTON COUNTY COURT OF COMMON PLEAS to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEENPREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, IT IS TEMPORARILYCONTINUED FOR A PERIOD NOT TO EXCEED SIXTY DAYS UPON THE BAIL PREVIOUSLYPOSTED. The purpose of the continued stay is to allow appellant to file with the Supreme Court of Ohio an application for stay during the pendency of proceedings in that court.
If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty-day period, or the failure of appellant to file a notice of appeal with the Supreme Court of Ohio within the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to the expiration of the sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J., and Kline, J.: Concur in Judgment Only.
[1] R.C. 2929.14(B) states in the pertinent part: "[e]xcept as provided in division (C), * * * if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless one or more of the following applies:
(1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.
(2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." (Emphasis added.)