OPINION
{¶ 1} Defendant-appellant, Paul N. Koehler, appeals the decision of the Butler County Court of Common Pleas classifying him as a sexual predator.
 {¶ 2} Appellant pled guilty to and was convicted of complicity to child endangering under R.C. 2919.22(B)(5) and of complicity to illegal use of a minor in nudity-oriented material under R.C. 2907.323(A)(1).
 {¶ 3} The charges stemmed from an incident involving appellant, his girlfriend, and the victim, who was his girlfriend's five-year-old niece. Appellant reportedly told his girlfriend to take photographs of the victim's genitalia while he observed. The victim's stepgrandmother interrupted the incident that was taking place in the early morning hours. The police were contacted and both appellant and his girlfriend were ultimately charged.
 {¶ 4} After appellant was convicted of the two offenses, the trial court held a hearing and found appellant to be a sexual predator. Appellant appeals that determination, asserting the following assignment of error:
 {¶ 5} "The trial Court Failed to Consider on the Record Any of the Statutory Factors Set Forth in R.C. 2950.09(B)(2)."[1]
 {¶ 6} A sexual predator is statutorily defined as a person who has been convicted of, or pleaded guilty to, committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses. R.C. 2950.01(E).[2] Appellant does not contest that the two offenses for which he was convicted are sexually oriented offenses. R.C. 2950.01(D).
 {¶ 7} R.C. 2950.09(B)(2)(a) through (j) listed the factors a trial court must consider in determining whether a person is a sexual predator likely to commit another sexually-oriented offense in the future. Statev. Thompson, 92 Ohio St.3d 584, 587-588, 2001-Ohio-1288.
 {¶ 8} Those factors, summarized as follows, include, but are not limited to: appellant's age, prior criminal record, victim's age, whether multiple victims were involved, whether drugs and alcohol were used to impair victim, whether appellant participated previously in sexual offender treatment, appellant's mental illness or mental disability, the nature of appellant's sexual conduct, sexual contact, or interaction in a sexual context with the victim, whether that conduct or contact was part of a demonstrated pattern of abuse, whether cruelty displayed or threats made to victim, and any additional behavioral characteristics that contribute to appellant's conduct. R.C. 2950.09(B)(2).
 {¶ 9} A recitation by the trial court of the evidence and factors considered ensures a fair and complete hearing and assists the appellate review. State v. Eppinger, 91 Ohio St.3d 158, 161-163, 2001-Ohio-247.
 {¶ 10} We concede that in this case the trial court did not specifically name any of the statutory factors from R.C. 2950.09(B)(2) in its discussion of its findings at the predator hearing. However, the trial court stated in its judgment entry that it did consider the factors enumerated in R.C. 2950.09(B)(2) and its discussion at the hearing reflects that it did so.
 {¶ 11} A presentence investigation report on appellant was available to the trial court. Appellant agreed to the admission of two reports by different psychologists on recidivism issues. The first report had been ordered by the trial court and the second report was submitted by a psychologist who was provided for appellant with state funds. Statev. Eppinger, 91 Ohio St.3d at 161-163 (expert witnesses may assist trial court in recidivism determination).
 {¶ 12} The trial court stated on the record some of the findings from the court-ordered psychologist, including the opinion that appellant did not meet the definition of a psychopath. However, the trial court further discussed the results of the risk appraisal assessments for appellant. The report ordered by the trial court concluded that appellant was a high risk for recidivism, or likely to commit a sexually oriented offense in the future.
 {¶ 13} Appellant's report contained statements made by appellant to the second psychologist at appellant's evaluation. Some of the trial court's discussion of the report included the following:
 {¶ 14} Appellant discussed his long history of mental health problems and treatment. Appellant stated that he felt he could be homicidal if his sex urges were not handled.
 {¶ 15} Appellant had indicated that he found the five-year-old victim sexually attractive, more so than his adult girlfriend. Appellant's girlfriend reportedly told authorities that appellant said he wanted to have sex with the victim as part of some sort of "ritual."
 {¶ 16} The trial court noted that appellant reportedly collected children's toys and clothing for years, which the psychologist opined was indicative of appellant's pedophilic interest. See State v. Thompson,92 Ohio St.3d at 587-588 (trial court may also consider any other evidence deemed relevant to determine likelihood of recidivism).
 {¶ 17} Appellant indicated that his traumatic youth stunted his emotional growth and therefore, as the trial court noted, appellant believed that a five-year-old would be a good sex partner for him.
 {¶ 18} Appellant's psychologist concluded that appellant's risk of re-offending was "extraordinarily high."
 {¶ 19} Having reviewed the trial court's discussion and findings at the hearing, we note that the trial court mentioned that the victim was five years old. Its discussion also encompassed such statutory factors as the nature of appellant's sexual contact, the mental illness of appellant, and the other behavioral characteristics that contributed to appellant's conduct. State v. Boshko (2000), 139 Ohio App.3d 827, 840
(trial court not required to find that the evidence presented supports a majority of the R.C. 2950.309[B][2] factors, but may rely upon one factor more than another, depending upon the circumstances of the case).
 {¶ 20} Therefore, we find appellant's lone assignment of error concerning the lack of statutory factors not well-taken. As we previously outlined, the trial court indicated in its judgment entry that it considered the statutory factors. The trial court discussed the evidence at the hearing upon which it made its predator determination and made such finding by clear and convincing evidence. State v. Boshko at 839.
 {¶ 21} Therefore, the trial court's determination was not in error. Appellant's assignment of error is overruled.
Judgment affirmed.
WALSH and POWELL, JJ., concur.
[1] R.C. 2950.09 was amended so that the statutory factors are found in R.C. 2950.09(B)(3).
[2] R.C. 2950.01 was amended so that the definition is found in R.C.2950.01(E)(1).